February 7, 2025

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      **Re:** *United States v. Oren Alexander*, No. 24-cr-00676 (VEC)

Dear Judge Caproni:

Oren Alexander ("Oren") submits this letter response in opposition to the government's request for a blanket protective order. DE 39. On January 24, 2025, the government requested that this Court enter a sweeping protective order governing the use and disclosure of discovery materials—requiring the defense to obtain signatures from all prospective witnesses and file those signatures with the Court; and seeking in some instances to prohibit even the defendants from viewing their own discovery. At a minimum, a substantial portion of the discovery materials were taken from the defendants themselves—including materials used in preparation for the defense of civil claims. The government now seeks a broad protective order to give this material back to the defendants under Rule 16. Oren opposes this request. Alon Alexander adopts this brief.

**I. The government has not established good cause.**

Fed. R. Crim. P. 16(d)(1) requires a good cause showing. "Good cause is established on a showing that the disclosure will work a clearly defined and serious

injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). Blanket statements, like those made by the government in its request, are insufficient to entitle a party to protection.

"The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Courts in this district have observed that blanket or umbrella protective orders "can be overbroad and unnecessary," *United States v. Smith*, 985 F.Supp.2d 506, 545 (S.D.N.Y. 2013); as a result, "umbrella protective orders are disfavored." *United States v. Carriles*, 654 F. Supp. 2d 557, 565 (W.D. Tex. 2009) (cited favorably in *Smith*).

When a blanket protective order is sought, the "burden of justifying the confidentiality of ***each and every document***" sought to be covered by the protective order remains on the party seeking closure. *Schiller v. City of New York,* No. 04 Civ. 7922 KMK JCF, 04 Civ. 7921 KMK JCF, 2007 WL 136149, at *4 (S.D.N.Y. Jan. 19, 2007) (emphasis added) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986)). To meet that burden, the movant must present "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). The government has failed to make that showing here. The government's two-and-a-half-page letter submitted in support of its request for an overwhelmingly broad and unduly burdensome protective order offers as support precisely the conclusory statements that the case law prohibits. The government writes in its letter that "the

proposed protective order provides for four designations: disclosure material, sealed material, attorney's possession only ("APO") material, and attorney's eyes only material," but it does not identify which material corresponds with which designation and requests instead a blanket ruling that gives it unfettered discretion to hamper the preparation of a defense and attorneys' collaboration with their clients.

The government devotes just one paragraph of its cursory letter to arguing good cause—though, again, the government's conclusory good-cause arguments make it impossible to determine what specifically the government proposes with respect to the materials it references. First, the government says that its disclosure "includes material that affects the privacy and confidentiality of individuals and entities." But that is true of *any* criminal case that, as many do, involve individuals and entities other than the defendant; it does not supply good cause for entry of a protective order, especially not one as broad and standardless as that requested here. The government does not identify *whose* privacy interests would be harmed, *what* privacy interests would be harmed, nor *how* such privacy interests would be harmed.

Second, the government argues that the discovery material "would impede, if prematurely disclosed, the government's ongoing investigation of uncharged individuals." But as a result of the government's engaging in a highly prejudicial publicity campaign—which has included improper disparagement and demonization of the Alexander brothers at a press conference—any individual who ever socialized with the Alexander brothers is already on notice that they may be subject to the same treatment. The government does not explain what material may implicate other individuals, or how the investigation would be compromised. The government instead appears to seek to block the defense from conducting a thorough investigation.

Third, the government seeks to protect material "that could lead to the identification of victims and/or witnesses, who may be subject to intimidation." Again, this is not the sort of particularized harm that entitles the government to protection. Vague allegations that witnesses "may" be subject to intimidation does not establish good cause; it certainly does not establish good cause for the government's suggestion that certain key material regarding witnesses and accusers be marked for Attorneys' Eyes Only. The government's argument is speculative and does not provide a basis to prevent the defendants from viewing their own discovery.

Finally, the government asserts that the protective order is necessary due to sexually explicit photos and "evidence relating to sexual assault." Oren does not object to conditions prohibiting him from sharing sexually explicit images for purposes other than his preparation of a defense; however, to ensure his constitutional right to a fair trial, which includes the right to prepare a defense, Oren must be able to freely share material evidence with potential witnesses, experts, and even transcription services without being required to disclose attorney-client work product. The government's proposal that discovery disclosure be limited in some instances to "any personnel for whose conduct defense counsel is responsible" is unworkable and overly burdensome; a defense investigation involves contact with many individuals without counsel's assuming responsibility for their conduct. Surely the government does not assume responsibility for the conduct of every co-conspirator they interview in connection with a drugs-and-firearms trafficking investigation.

The government's citation to *United States Baker*, No. 20-CR-288 (LJL), 2020 WL 4589808, at *1 (S.D.N.Y. Aug. 10, 2020), merely highlights its own improper use of recycled form language that patently fails to satisfy the requirement that good cause must be alleged with particularity. *Id.* (citing the government's request for a

protective order as stating that discovery "may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.").

*Baker* stands for the principle that protective orders should be narrowly tailored and where possible protected material should be redacted rather than subject to wholesale protection. *Id.* at *3 ("[T]he Government has so far identified only two sets of documents that will require redaction: victims' medical records and one third-party rap sheet. *Id.* Redacting documents may be one of the less pleasant aspects of modern law practice. But is also one of the more prevalent aspects."). The government thus cannot evade its burden by copying form language verbatim into every request it makes for a protective order. It should not be permitted to do so here. As the Court made clear in *Baker*:

> The fact that the Government may have convinced other District Judges, in other cases involving other facts, to sign protective orders similar or identical to its proposal does not mean this Judge in this case should adopt the Government's form. In every case, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.". . . It follows that the form of protective order appropriate for any case must be judged based on the particularized needs and risks of that case. There is no one-size-fits-all protective order.
>
> *Id.*, at *3 (citations omitted).

The government has not established good cause to support its overwhelmingly broad request here. *Baker* indicates that the government must provide particularized representations about what it seeks to protect, and to what extent protection is sought, rather than making a wholesale and standardless request. The government has not alleged with specificity any material that is subject to protection. Undersigned counsel is already aware of their obligations under S.D.N.Y. Local Crim. Rule 23.1 governing extrajudicial statements. The government has failed to establish good cause that additional protection is warranted.

**II. The government's proposed protective order interferes with Oren's constitutional right to a defense.**

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). "The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction." *United States v. Rosemond*, 958 F.3d 111, 120 (2d Cir. 2020) (quoting *Faretta*, 422 U.S. at 834). Moreover, "[i]t frequently will be the defendant, and the defendant alone, who knows all of the relevant facts and who will appreciate the significance of a particular item of evidence and whether it is exculpatory or incriminatory. There is a value and an interest in the defendant being able to freely review the evidence against him, on his own time, and without a defense lawyer or anyone else looking over his shoulder." *Baker*, 2020 WL 4589808, at *4. The defendants' pretrial incarceration already provides roadblocks to the preparation of a defense. The government's proposed protective order further and significantly hampers that preparation.

The government does not have a basis for designating certain material "Attorneys' Eyes Only," nor is it clear from the government's request what specifically it plans to designate in that category. Even in the high profile case against Jeffrey Epstein, which involved allegations of child sex abuse, the protective order did not include a provision designating some material "Attorneys' Eyes Only." *See United States v. Epstein*, No. 1:19-cr-00490-RMB, ECF No. 38 (S.D.N.Y. July 25, 2019). There is certainly not a basis for such a provision here. The defendants must be permitted to view their discovery and to collaborate in preparation of the defense. The government should not be permitted to designate certain material as solely for attorneys' viewing without identifying such material with particularity.

The conditions the government proposes are unduly burdensome to the defense and unsupported by any particularized or specifically alleged harm. Moreover, the government's request fails to identify specific categories of information as subject to protection. If necessary, the defense is willing to entertain a more narrow and specifically targeted protective order. But the defense must know precisely what the government seeks to protect, the volume of that information, and to what extent the government seeks protection. Without such knowledge, and without access to the discovery, it is difficult if not impossible for the defense to propose any sort of counter-order.

In addition to preventing the defendants from viewing the evidence against them, the government's proposed protective order will hamstring the defense investigation and present severe hurdles in identifying and communicating with witnesses. These are significant constitutional concerns, and the defendants' constitutional right to a fair trial, which includes the right to prepare a defense, should not be restricted in the manner contemplated by the government's request. The relief

requested will impede the defendants' ability to prepare for trial and to defend themselves, and will unconstitutionally limit their rights to participate in their own defense.

Courts are instructed to "consider how burdensome a protective order would be on [the defendants], being particularly sensitive to the extent to which a protective order would hinder their efforts to defend themselves at trial." *Smith*, 985 F. Supp. 2d at 544. Here, the proposed protective order would inhibit the defense ability to identify helpful witnesses and to conduct a thorough and confidential investigation. It would also substantially block the defendants from participating in their own defense, thereby hindering their efforts to defend themselves at trial. This poses substantial logistical and constitutional burdens, and the government's request should either be rejected or substantially narrowed.

The government's request for an umbrella protective order—to be governed by standards left to the government's own choice—unnecessarily impedes the defendants from effectively trying the case. The defense of course would fully agree and acknowledges the importance of the need to restrict specific confidential information. Such material has no justifiable use in a defense. But the prosecutorial request here lacks justification to so severely hamper the defense in the context of this specific case. Moreover, he government's request here is far too broad and fails to specify the types of material for which it seeks varying levels of protection. The government's claim that there is an adequate parallel under the facts of this case is simply not supported by the case law, which itself instructs that different cases have different evidence and different considerations, including different types of defense needs. Counsel here have a combined total of more than 100 years of criminal defense

experience without any suggestion of any improper use of any discovery. There is simply no need for this fettering of the defense. The request should be rejected.

                    Respectfully submitted,

                    **KLUGH WILSON LLC**

BY:   /s/ Richard C. Klugh
         Richard C. Klugh
         Jenny Wilson
         40 NW Third St. PH 1
         Miami, Florida 33128
         Tel: 305-536-1191
         Email: jw.klughlaw@gmail.com