UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                                24-00676-VEC

ALON ALEXANDER,
OREN ALEXANDER, and
TAL ALEXANDER,

    Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS COUNT FOUR OF THE INDICTMENT**

Oren Alexander moves, through undersigned counsel and pursuant to Fed. R. Crim. P. 12(b)(3)(B), to dismiss Count Four of the Second Superseding Indictment charging him with violations of 18 U.S.C. § 2422(a).[1] Alon and Tal Alexander adopt this motion; Tal further incorporates arguments raised in this motion in his motion to dismiss Count Nine (alleging a separate violation of 18 U.S.C. § 2422(a)). Defendant states the following grounds in support of this motion:

**I.    Count Four fails to state an offense.**

Under Rule 12(b)(3)(B), the district court may hear a motion to dismiss alleging that the indictment fails to comply with relevant pleading requirements in alleging an offense. *See* Fed. R. Crim. P. 12(b)(3)(B) (motions asserting the following indictment defects "must be raised by pretrial motion" include "(v) failure to state an offense"). The interrelatedness of these requirements arises from Fed. R. Crim. P. 7(c)(1), which provides that the indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See United States*

---

[1] Oren Alexander will, by separate, forthcoming motion, seek to also dismiss all counts of the Second Superseding Indictment alleging violations of 18 U.S.C. § 1591 and § 1594.

*v. Walsh*, 194 F.3d 37, 44 (2d. Cir. 1999) (noting that this requirement performs three constitutionally required functions—the Sixth Amendment right to be informed of the nature and cause of the accusation; the double jeopardy bar mandated by the Fifth Amendment; and the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury).

"The wording of this Rule imposes 'two requirements[: ]the statement of the essential facts *and* the citation of the statute. *They are separate requirements and not a restatement of one another*.'" *United States v. Gonzalez*, 686 F.3d 122, 128 (2d Cir. 2012) (alterations and emphasis in original) (citing *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976)). "[I]t has long been the rule in this Circuit that a deficiency in an indictment's factual allegations of the elements of an offense is 'not cured by' the fact that the relevant count 'cited the statute that [the defendant] is alleged to have violated." *Id.* (citing *United States v. Berlin*, 472 F.2d 1002, 1008 (2d Cir. 1973) ("if this were enough to cure a deficient statement, then almost no indictment would be vulnerable to attack").

Count 4 of the Indictment charges a violation of 18 U.S.C. § 2422(a), which as applied here punishes anyone who "knowingly **persuades, induces, entices, or coerces** any individual **to travel** in interstate or foreign commerce . . . **to engage in** prostitution, or in any sexual activity for which any person can be charged with a criminal offense." § 2422(a) (emphasis added). Notably, subsection 2422(a) punishes enticement or coercion *to travel to engage* in criminal sexual activity. The plain text of the statute does not merely punish inducement to travel separate from any criminal sexual activity. The coercion clause therefore modifies *both* the travel and the purpose of the travel–that is, the criminal sexual activity. It is drafted to prohibit individuals from coercing others

2

to travel to participate in prostitution or other criminal sexual activity; the coercion to participate is what is prohibited and the coercion to travel supplies the interstate nexus requirement. It is not enough, under a plain reading of the statutory language, to allege that someone was coerced or enticed *only to travel*, with the defendant's having a secret motive that upon arrival, he would commit criminal sexual activity. In other words, the "to travel to engage" language cannot be rewritten by prosecutors to mean "inducement to travel *with the intent* that the defendant later engage in criminal sexual activity."

This interpretation is informed by other provisions of the Mann Act, codified at 18 U.S.C. § 2421, et. seq. *See King v. Burwell*, 576 U.S. 473, 486 (2015) ("when deciding whether the language is plain, we must read words in their context and with a view to their place in the overall statutory scheme. Our duty, after all, is to construe statutes, not isolated provisions"); *Corley v. United States*, 556 U.S. 303, 314 n.5 (2009) ("the meaning—or ambiguity—of certain words or phrases may only become evident when placed in context"); *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 222 (2008) (statutory language must be construed, to the extent possible, to "ensure that the statutory scheme is coherent and consistent").

Here, context demonstrates that Congress, in drafting and enacting the Mann Act, knew how to—and did—use the phrase "with intent" when it meant "with intent." A neighboring statutory provision, 18 U.S.C. § 2421(a), alternatively provides that "Whoever knowingly transports any individual in interstate or foreign commerce . . . ***with intent that*** such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2421(a) (emphasis added). This makes sense: § 2421(a) prohibits the *actual transporting*; in such cases, and where that offense is alleged, the government must prove (1) that

3

the defendant in fact transported someone; and (2) that the defendant did so with intent to later engage the individual in prostitution or in any criminal sexual activity. *See also* 18 U.S.C. § 2423(a) (using the same "with intent" language in statutory provision punishing knowing and actual transport of minors "with intent" that the minor engage in prostitution or other unlawful sexual activity).

Unlike § 2421(a) and 2423(a), subsection 2422(a), by contrast, does not prohibit actual transport and does not impose the lesser "with intent" requirement. Instead, it prohibits *inducement or coercion to transport to engage* in prostitution or related criminal activity. In such circumstances, where a violation of § 2422(a) is alleged, as here, it is insufficient for the defendant to induce to travel with intent to subsequently engage in unlawful criminal activity. Where actual transport by the defendant has not occurred, the plain language of the statute directs that the coercion that forms the basis for the offense must go to *both* the travel and to the criminal sexual activity; in other words, at the time the subject of the charge is coerced to travel, she must also be coerced to engage in any sexual activity for which any person can be charged.

As the alternative wording in § 2421(a) makes clear, had Congress intended to impose a "with intent" requirement rather than imposing any requirement as to what the subject was coerced to do *prior to the travel*, it could and would have done so. Congress did not use the "with intent" language in § 2422(a); it used the "coercion . . . to travel to engage" language. This differential phrasing cannot be read out of the statute; rather, it is an indication that Congress "meant what it said and said what it meant." *United States v. Maria*, 186 F.3d 65, 71 (2d Cir. 1999). "As a general matter, the use of different words within the same statutory context **strongly suggests that different meanings were intended**." *Id.* (emphasis added) (citing *Crockett Telephone Co. v. F.C.C.*, 963 F.2d 1564, 1570 (D.C. Cir. 1992) (use of words "may" and "shall" in same provision shows them to have

their usual, different meanings); *Persinger v. Islamic Republic of Iran*, 729 F.2d 835, 843 (D.C. Cir. 1984) (use of different language in different parts of the same statute creates strong inference that different meanings were intended); and 2A N. Singer, Sutherland on Statutory Construction § 46.07 (5th ed. 1992 and Supp. 1996) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended"). The use of "with intent" in 2421(a) means with intent—and it means that coercion "to travel to engage" cannot be read to mean "coercion to travel with the intent that the individual later engage." Applied here, these principles of statutory interpretation make clear that the inducement-to-travel requirement cannot be unmoored from the inducement-to-engage-in sexual activity requirement; rather, they are related—the inducement must be *to travel to engage*. *See United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) ("While it may be rare for there to be a separation between the intent to *persuade* and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the ***Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sex act themselves***) (emphasis addded); *United States v. Murrell*, 368 F.2d 1283, 1286 (11th Cir. 2004) (stating with respect to minor provision of identically worded statute: "The underlying criminal conduct that Congress expressly proscribed in passing 18 § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself. That is, if a person *persuaded* a minor to engage in sexual conduct (e.g. with himself or a third party), without then actually committing any sex act himself, he would nevertheless violate § 2422(b)") (emphasis in original); *United States v. Douglas*, 626 F.3d 161, 164-65 (2d Cir. 2010) (with respect to identically worded minor provision of same statute, "the statute criminalizes obtaining or attempting to obtain a minor's ***assent to unlawful sexual activity***");

5

*United States v. Nugent*, 2023 WL 2620046, at *3 (2d Cir. Mar. 24, 2023) (2422 protects "from the act of solicitation itself"—a harm distinct from 18 U.S.C. § 2423(b), which criminalizes interstate travel "with a motivating purpose of engaging in any illicit sexual conduct"); *United States v. Rutgerson*, 822 F.3d 1223, 1233 (11th Cir. 2016) ("This continued negotiation undoubtedly forms part of Rutgerson's efforts to persuade, induce, or entice Amberly to have sex with him. Indeed, there is not the slightest suggestion in this record that Amberly held herself out as being willing to engage in sex acts with Rutgerson in the absence of being induced by the offer to pay her a substantial sum of money").

The government here disregards these principles of statutory interpretation and seeks to read out of the statute the requirement that there be pre-travel persuasion to engage in *illegal* sexual activity, replacing it instead with the "with intent" language that is used in § 2421(a) but is notably missing from § 2422(a). Count 4 contains, as required, a recitation of the statute charged. The facts alleged in Count 4, however, distort the essential elements of the offense, rewriting § 2422(a) to impose the "with intent" requirement found in § 2421(a).

Count 4 alleges the following facts: "Alon Alexander, Oren Alexander, and Tal Alexander, persuaded, induced and enticed Victim-2 to travel from Illinois to New York, **so** Alon Alexander, Oren Alexander, and Tal Alexander **could engage** and attempt to engage in unlawful sexual activity with Victim-2, in violation of New York Penal Law Sections 130.35 [first-degree rape]; 130.30 [second-degree rape]; 130.25 [third-degree rape]; and 130.52 [misdemeanor forcible touching]." ECF No. 63 at 8 (bold emphasis added). These factual allegations do not sufficiently plead a violation of 18 U.S.C. § 2422(a). Count 4 does not allege that the subject of the charge was induced and enticed to travel to engage in unlawful sexual activity. Rather, Count 4 alleges that the subject

6

of the charge was induced to travel *so* (i.e. with the intent of the defendants) that the defendants could engage in unlawful sexual activity. That is not what the statute prohibits, for the reasons discussed above, and Count 4 of the Indictment therefore must be dismissed for failure to state an offense. By use of the word "so" the government is attempting to replace the inducement-to-travel-to-engage requirement found in 18 U.S.C. § 2422(a) with the "with intent" standard found in § 2421(a).

The government cannot pick and choose statutory provisions in this manner. The government did not charge a violation of § 2421(a)—presumably because it it is clear that there is no tenable evidence of any of the transportation elements of that statute. Instead, the government invoked the separate statute addressing inducement-to-travel-to-engage-in-prostitution-or-otehr illegal-sexual-activity—but then plucked from a neighboring statute the "with intent" (or "so") element rather than alleging facts that track the statutory language of § 2422(a). Once the statutory language is properly applied to these allegations, the government's Count 4 allegation collapses into itself.

Illustrating the internal contradiction created by the government's misreading of the statute, the government would have to allege, on these facts, that the defendants "induced" another individual "to travel to engage in forcible touching or rape" rather than to engage in prostitution. But that of course would create problems resembling a double-negative for the government: given the general allegations of the Indictment, the government does not propose to prove that any individual was enticed to *engage* in later-occurring coerced touching or other sexual contact. The government's use of "so"—and it's replacing "inducement to travel ... to engage" with "inducement to travel so the defendants could engage"—illustrates its own awareness that its allegations do not track the

7

statutory language. Count 4 thus fails to state an offense and must be dismissed pursuant to Rule 12(b)(3)(B)(v).

This reading of the applicable statutory provision is not just consistent with principles of statutory construction; it is necessary to protect constitutional guarantees of fair notice, as well as separation of powers principles. "The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 674 (2020). "[T]here can be no doubt that a deprivation of the right of fair warning can result not only from vague statutory language but also from an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." *Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964). Indeed, "where the claim is that a statute precise on its face has been unforeseeably and retroactively expanded by judicial construction," that risks "a potentially greater deprivation of the right to fair notice." *Id*. ("When a statute on its face is vague or overbroad, it at least gives a potential defendant some notice, by virtue of this very characteristic, that a question may arise as to its coverage, and that it may be held to cover his contemplated conduct. When a statute on its face is narrow and precise, however, it lulls the potential defendant into a false sense of security, giving him no reason even to suspect that conduct clearly outside the scope of the statute as written will be retroactively brought within it by an act of judicial [or prosecutorial] construction.").

As a general matter, penal statutes are to be construed strictly with any statutory ambiguities resolved in favor of the defendant. *See Arthur Anderen LLP v. United States*, 544 U.S. 696, 703 (2005) ("We have traditionally exercised restraint in assessing the reach of a federal criminal statute, both out deference to the prerogative of Congress, and out of concern that a fair wanring should be

given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed") (internal quotation marks and citations omitted); *Wooden v. United States*, 595 U.S. 360, 388 (2022) ("the 'rule of lenity' is a new name for an old idea—the notion that 'penal laws should be construed strictly'") (citation omitted) (Gorsuch, J., concurring); *id*. at 390 ("if the law inflicting punishment does not speak 'plainly' to the defendant's conduct, liberty must prevail") (citing *United States v. Mann*, 26 F. Cas. 1153 (No. 15, 718 (CC NH 1812) (Story, J.)); *id*. at 391 ("[c]losely related to its fair notice function is lenity's role in vindicating the separation of powers . . . the rule helps keep the power of punishment firmly in the legislative") (citing *United States v. Wiltberger*, 5 Wheat. 76, 95, 5 L.Ed. 37 (1820) (Marshall, C.J.)) (internal quotation marks omitted).

In Count 4, the government has alleged conduct that does not track the statutory language, but rather seeks to revise the statutory language, exposing the defendants to up to 20 years in prison based on conduct that in the government's view may only amount to a state misdemeanor. The government is not permitted to rewrite criminal statutes in this manner. Congress used the "with intent" language in various subsections of the Mann Act. It did *not* use that language in § 2422(a)—thereby more closely tying the conduct that subsection criminalizes to the interstate nexus. That differential wording must be given meaning rather than ignored. The government cannot replace the statutory language with the "with intent" provision that appears elsewhere in the statute simply because it would not otherwise have a chargeable offense under the Mann Act. Count 4 should thus be dismissed for failure to state an offense.

## II.   Count Four also fails to state an offense by failing to identify, much less with specificity, the state predicate offense

The Indictment also fails to state an offense with respect to the state predicate offense allegedly forming the basis for Count 4, and does so in violation of Defendants' Fifth Amendment rights to fair notice and to indictment by a grand jury.  Count 4 charges a laundry list of state statutes that go in varying directions—ranging from misdemeanor forcible touching to first-degree rape.  Each state statute alleged has anywhere from two to 12 statutory alternatives identified in subsections, which are likewise not specified in the indictment.  This does not provide meaningful notice—it does not say what illegal sexual activity the alleged victim was induced to travel to participate in.

An indictment must "sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962).  "It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars." *Id*. at 765 (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)).  "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him" is defective." *Id*. (citing *United States v. Simmons*, 96 U.S. 360, 362 (1877)).  *See also id*. at 769 ("it is a settled rule that a bill of particulars cannot save an invalid indictment").  Given the vagueness in the Count as alleged, Count 4 cannot satisfy the Indictment Clause of the Fifth Amendment where it is impossible to know what the grand jury was asked to return and whether there was any unanimity on the specific statute and subsection violated.  This goes beyond mere duplicity.  It fails

to meet the elementary requirement that the grand jury return a charge capable of being understood. Dismissal of Count 4 is thus warranted. With respect to this issue, Oren further adopts and incorporates arguments raised in Tal Alexander's motion to dismiss regarding the indictment's failure to define unlawful sexual activity in its allegations of violations of § 2422.

### III.  Conclusion

For the foregoing reasons, Oren Alexander respectfully requests that this Court grant his motion to dismiss Count 4 of the Second Superseding Indictment.

Respectfully submitted,

KLUGH WILSON LLC
40 NW Third St., PH 1
Miami, Florida 33128
Tel: 305-536-1191

BY:  /s/ Richard C. Klugh
Richard C. Klugh
Fla. Bar No. 305294
E-mail: rklugh@klughlaw.com
*Counsel for Oren Alexander*