June 16, 2025

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United Courthouse
40 Foley Square New York, New York 10007

**Re:** *United States v. Oren Alexander*, No. 24-cr-00676 (VEC)

Dear Judge Caproni:

On behalf of Oren Alexander and Alon Alexander, we write pursuant to this Court's Individual Rules of Practice in Criminal Cases, Rule 3, to request temporary sealing of two filings pending submission, potentially by both parties, of proposed redactions, and resolution by this Court of the appropriate scope of such redactions.

The motions deadline is today, June 16, 2025. We are filing two motions to suppress that reference material subject to the protective order in this matter. We anticipate that redaction to these documents and/or their attachments will be necessary to protect information typically exempt from public access requirements, such as allegations of juvenile conduct and victim identity. We have conferred with the government generally about redactions; the government has indicated that it wishes to review our filing and the redactions it proposes.

In light of this, we seek to file our two suppression motions under temporary seal, and we respectfully request a brief extension to submit proposed redactions. This will also give the government an opportunity to submit its own proposed redactions, should there be disagreement between the parties about the appropriate scope of redaction. And it will enable undersigned to review carefully and to address this Court's prior order, DE:92, regarding its "preliminary view" as to redaction of search warrants and other materials attached to dispositive documents in this matter.

Recognizing the public's common law and First Amendment rights to access court records in criminal cases, we request this limited, temporary sealing on the grounds that the right of access does not always afford the public *immediate* access

to court records and proceedings. *See generally*, *Press Enterprise Co. v. Superior Court of California*, *Riverside*, 464 U.S. 501, 512 (1984) ("When limited closure is ordered, the constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time").

The brief (two- or three-day) sealing requested here, pending further party conferral and court determination of the appropriate degree of redaction, will create only a minimal burden on the public's right to know as redacted versions of the court filings will be made public imminently. *See also Nixon v. Warner Communications*, 435 U.S. 589, 594-95 (1978) (in case first recognizing common-law right of access, media broadcasters intervened because they wanted permission to immediately copy tapes that were played at trial; copying was prohibited until the trial was over, due to administrative and mechanical difficulties). A limited period of sealing to enable the parties time to address issues surrounding the protective order—and how it should appropriately interact with the public's right of access—will not unconstitutionally infringe on the public's right to know.

Counsel for Alon Alexander has represented that Alon joins in this request. Thank you for your consideration.

        Respectfully submitted,

        **KLUGH WILSON LLC**

BY:   /s/ Richard C. Klugh
        Richard C. Klugh
        40 NW Third St. PH 1
        Miami, Florida 33128
        Tel: 305-536-1191
        klughwilson.com
        *Counsel for Oren Alexander*