UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.                                24-000676-VEC

ALON ALEXANDER,
OREN ALEXANDER, and
TAL ALEXANDER,

     Defendants.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS INDICTMENT
UNDER FED. R. CRIM. P. 12(b)(3) AND THE FIFTH AND SIXTH AMENDMENTS**

Defendant Oren Alexander moves, through undersigned counsel and pursuant to Fed. R. Crim. P. 12(b)(3)(B) and the Fifth and Sixth Amendments, to dismiss the Indictment. Alon and Tal Alexander adopt this motion.

The defendants are charged with conspiracy to commit sex trafficking and attempted sex trafficking, in violation of 18 U.S.C. § 1594; sex trafficking, in violation of 18 U.S.C. § 1591; inducement to travel to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a); and aggravated sexual abuse on a cruise ship, in violation of 18 U.S.C. § 2421. The unnoticed and legally insufficient charges in the indictment do not provide a basis for conviction and fail to plead the federal offenses charged. Each count charged is subject to dismissal for independent and count-specific reasons, but also due to overarching problems with the government's theory as alleged in the indictment including defective conspiracy allegations; failure to allege a commercial sex act; conflation and collapsing of essential elements; and failure to provide constitutionally required notice pursuant to the Sixth Amendment, in violation of the defendant's due process rights and right to indictment by grand jury, among other problems fatal to the charges and described herein.

The result is a scattershot indictment, with generic factual claims only in one count and mere restatement of the statutory language, untethered to the facts, in others. Where the conspiracy count (Count 1) does contain conclusory factual claims, the facts alleged do not support the concept of conspiracy and the substantive charges of the indictment directly undermine the concept of the conspiracy, with just *three discrete, disconnected events in a 12-year period involving all three brothers*. The substantive counts themselves are essentially non-specific language copied and pasted from the statute, with a complete failure and lack of attempt to properly allege any factual basis for the elements as required by the Fifth and Sixth Amendments' notice functions. It is one thing for a felon-in-possession count to charge the defendant possessed a "firearm and ammunition." It is another matter, however, when, in an indictment charging a complex offense as described in 18 U.S.C. § 1591, the government alleges all or almost all of the statutory alternatives (recruits, entice, harbors, transports, provides, obtains, advertises, maintains, patronizes, solicits) (force, threats of force, fraud, coercion) and provides no factual specification as to what is alleged. This violates the defendants' right to notice of the charges against them, and separately warrants dismissal.

**I. The government has charged a defective conspiracy, warranting dismissal of Count 1.**

The government has no precedent for the occasional one-night-encounter sex trafficking conspiracy theory charged here. The allegations of conspiracy are woefully inadequate for several reasons.

<u>*Lack of Ongoing Basis*</u>

First, the courts have made clear that behavior that has no necessary connection from one year to the next cannot be lumped into the concept of an ongoing conspiracy. Multiple instances of joint action where obvious inferences of individualized motive and consummation of an endeavor

are present as to each of the disparate instances, also cannot form a conspiracy. The separate alleged sex trafficking counts all refer to multiple conspiracies, creating problems as to duplicity and also resulting in failure to state an offense because there are no allegations that support a finding as to a single valid conspiracy, much less multiple.

Particularly as to the concept of sex trafficking conspiracy, the case law has always referred to an ongoing partnership to traffic a group of people on an ongoing basis. *See, e.g., United States v. LeCompte*, 599 F.2d 81, 82 (5th Cir. 1979) (referring to a "single-purpose and continuously ongoing undertaking to operate a multi-state prostitution enterprise") (citing *United States v. Clemones*, 577 F.2d 1247, 1253 (5th Cir. 1978)). There is no such single-purpose and continuously ongoing undertaking alleged here. *Cf. United States v. Raniere*, 55 F.4th 354 (2d Cir. 2022) (affirming sex trafficking conspiracy conviction of secret society that was structured as a "pyramid" whereby defendant was head, followed by first-line "masters" and their subordinate "slaves" who were expected to be obedient to their masters). Every instance cited here by the government both in substantive counts and otherwise apparently refers to a one-night sexual encounter. There is no conduct alleged in the conspiracy count that suggests otherwise.

A spread-out pattern of occasional one-night sexual encounters, sometimes involving multiple offenders and sometimes not, lacks the essential forward-looking nature of a conspiratorial agreement. A conditional agreement that, if circumstances arise that are favorable to engaging in joint sexual activity, the parties will seek to engage in joint sexual activity, is not a conspiracy because the condition is premised on undefinable and undefined future events. Here, however, the government has not sufficiently alleged even a conditional agreement.

The indictment shows no actual pattern or repetition, and that any assumption of a pattern

3

of joint activity terminates in 2016. *United States v. Katz*, 601 F.2d 66, 68 (2d Cir. 1979) (participation in the conspiracy is presumed to continue until the last overt act by any of the conspirators). The indictment thus shows no ongoing agreement of a commercial nature in any tenable sense.

### *Multiple Conspiracies*

The indictment alleges multiple conspiracies, violating the rule against duplicity and failing to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(i),(v). The duplicity here warrants dismissal because the government's only basis for alleging conspiracy is by alleging multiple deficient conspiracies. There is no single conspiracy offense charged; but rather the stacking of varied allegations — for example, the conspiracy count alleges both a legally insufficient conspiracy to commercially sex traffic, and also a conspiracy to commit "sexual assaults and rapes," which the federal government lacks jurisdiction to prosecute. This creates a scenario in which there is "*no* set of facts falling within the scope" of Count 1 that could "warrant a jury in finding a single conspiracy." *United States v. Gabriel*, 920 F. Supp. 498, 505 (S.D.N.Y. 1996). Nor is there any "mutual dependence and assistant among defendants" alleged in the conspiracy count. *United States v. Conesa*, 899 F. Supp. 172, 174 (S.D.N.Y. 1995). *See also LeCompte*, 599 F.2d at 8 (single conspiracy must have *single* purpose).

The indictment also alleges multiple conspiracies insofar as it alleges several different — albeit invalid — conspiracies to traffic separate people. There is no coordination of an agreement, continuity of agreement, or linkage that allows even an inference of a single ongoing conspiracy. There is no sharing of profits alleged — only sharing of sex on separate occasions. And as to each alleged separate occasion, any "conspiracy" necessarily would have been complete at the

4

conclusion of each event.  Separate sex acts charged in the indictment alleges *separate* conspiracies, which ends when the object is met.  There is no overarching object that allows the government to avoid the statutory time bar, *see* Part VI, *infra*, by suggesting, though not sufficiently alleging, continuity of purpose.

### Failure to Allege an Agreement

The indictment shows no actual pattern or repetition, and any assumption of any pattern of joint activity terminates in 2016, outside the statutory time bar.  *See* Part V, *infra*.  The indictment thus shows no ongoing agreement of a commercial nature in any tenable sense. Drafting a conspiracy agreement indictment cannot be reduced to alleging a host of varied and unconnected prejudicial dots into a conspiracy count and asserting that a constellation is there.

There is no *agreement* alleged in the indictment, simply various different acts of happenstance.  If persons pursuing a lawful end are to be prosecuted as conspirators, the government must show that they agreed to use criminal means to pursue that end, for it is fundamental to the law of conspiracy that the government show an agreement between two or more persons to commit a crime.  *United States v. Fernandez*, 892 F.2d 976, 987 (11th Cir. 1989).

Just as in a civil complaint, there must be more than a just a mere conditional possibility standard met.  Imagine that instead of a sex indictment, we had an indictment for a 15-year-long conspiracy to commit bank robbery, where the government theory is that a bank could possibly have been have been involved once or twice, but the focus of the conduct was not bank robbery at all; indeed, any impact on one or two banks was at most a happenstance of an attempt to rob bookies. The allegation of the bank robbery conspiracy with only a tenuous connection to any involvement of a bank at any point in the entire period is not a conspiracy to rob banks.  Here too, the recitation

of a litany of alleged bad behavior in the sexual arena that involves using methods to deprive sexual partners of a right of refusal is not the same as an *agreement* to perform such acts ever again, much less to conspire to engage in *commercial* sex trafficking. One cannot simply point to variable instances of sexual misconduct and say that as to some of them one could divine some way in which someone was rewarded by a sex act   albeit there is not even a single valid allegation of that in this case   and claim that amounts to a commercial sex conspiracy. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("lawful parallel conduct fails to bespeak unlawful agreement"); id. at 556-57 ("Without more, parallel conduct  does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out . . . they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.").

A conspiracy agreement also must have an unlawful object, and the unlawful object must be something that is not concluded for a subsequent event to be part of the conspiracy. There is no unlawful object alleged here that could extend beyond a conceivable unlawful object as to each individual alleged in substantive counts, achieved when the alleged event is completed.

The government has repeatedly in open court alleged a "consistent modus operandi", Det. Hrg. Tr., Dec. 13, 2024, 8:22-24 (asserting that defendants were "fairly consistent in their MO and in their pattern of sexual violence"); Det. Hrg. Tr. Dec. 30, 2024, Tr. 11:23-25 (alleging a "fairly consistent MO and pattern").  But the allegations in the conspiracy count disprove that claim, and establish that the government derives its allegation of conspiracy from a purported *modus operandi* that is far too vague to sufficiently allege an agreement.  The "sometimes-this, sometimes-that"

nature of the conspiracy charge, and the absence of any other allegation as to agreement, dooms the count. *See, e.g.*, DE:86 at ¶ 1 (alleging defendants encountered victims by chance); and *cf.* ¶ 5 (a)-(e) (alleging defendants "sought out" their victims on dating applications; or alternatively professional networking events; or alternatively through personal social connections; or alternatively they did not meet victims at all but used party promoters to arrange for attendance at events; or alternatively that they used "the guise of starting a relationship").

Nor does a plan to engage in sexual assault meet the requisite test for an agreement. Any agreement to engage in sexual assault does not plead a section 1594 conspiracy; yet the indictment's count 1 allegations are focused on sexual assault and rape and fail to allege any agreement whatsoever as to commerciality    only occasional providing of travel or other incidentals to dating.

What the government has alleged here is a disparate iteration of individual events in which conduct occurred that had no financial component; they have factually taken themselves out of a sex trafficking conspiracy through their conspiracy counts.  There are multiple purposes outlined in count 1    but none of them which pleads 18 U.S.C. § 1594 conspiracy; rather, a shotgun pleading alleging serial rape; a shotgun pleading alleging single men who date and who sometimes are accused of sexual assault.  The conspiracy count reflects an absence of continuity; absence of a continuing enterprise; and an absence of any financial component.

When the indictment's only basis for a conspiracy charge, only basis for alleging an unlawful agreement, is a supposed M.O. or pattern    as the indictment fails to allege in any way, much less with any requisite specificity, any facts establishing an agreement    the lack of such a relied upon M.O. or pattern is fatal.  The conspiracy count alleges varying modes of interaction that differ from allegation to allegation.  It does not sufficiently allege an unlawful agreement.

The substantive sex trafficking counts are the only acts alleged to be part of the conspiracy. That is, six alleged rapes over a 12-year period is alleged to be sufficient to establish a conspiracy, even though only *three* of the six involve all three alleged members of the conspiracy; an additional one involves just two members; and the remaining two involve only one, undermining entirely the government's allegations that those were part of the conspiracy. The indictment is unduly vague as to what the agreement was and how it applies to each of the substantive counts.

The minimal acts alleged as part of the conspiracy stand in contrast to the host of prejudicial nonstatutory allegations included in the conspiracy complaint, including allegations of sexual assault that are not sufficient to prove sex trafficking conspiracy; allegations that reference text messages discussing drugs that the government has not in any way connected to a single allegation of rape or sexual assault, much less commercial sex trafficking. This makes clear that the conspiracy count is designed to conflate charges against and conduct by the defendants under the guise of a conspiracy, in violation of the rule that "[g]uilt . . . remains individual and personal, even as [it] respects conspiracies. It is not a matter of mass application." *Kotteakos v. United States*, 328 U.S. 750, 772 (1946).

A "vague thematic connection" is insufficient to join separate offenses under Fed. R. Crim. P. 8, *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2007) (citation omitted); such a "vague thematic connection" as alleged here, on the basis of ultimately irrelevant facts alleged in the indictment to form the basis for the conspiracy charge, is certainly insufficient to satisfy the pleading requirements for 18 U.S.C. § 1594 conspiracy. The indictment alleges no structure, no organization, no continuity, and no regularity.

The conspiracy count suggests that the unlawful agreement included "women and girls" but

that suggestion is wholly defeated by the minor count itself, which does not allege any prior knowledge of any minor status. There cannot be a purposeful agreement to "sex traffic" girls when the age of the *sole girl alleged to be a victim of the indictment* is not alleged to have been known to be a minor to the defendants. Further defeating the conspiracy count's again vague suggestion that there was an unlawful agreement to sex traffic "women and girls" is the fact that Oren is not accused of any conduct related to the minor charged in Count 5  making the conspiracy count either inapplicable to him or defective as to the minor. This is one of the many ways in which the conspiracy allegations are invalidated by the indictment itself.

There is no ongoing sex trafficking conspiracy involving commercial sex acts that generate profits for *anyone* alleged; nor is there alleged any sort of residential aspect to the conspiracy. There is no continuity of conduct, just six disjointed events over the course of 12 years. The underlying "sex trafficking" counts charged in the conspiracy are often separated from each other by a period of years. There are three clustered sex trafficking counts charged "in or around" May 2009 (Count 5) and June 2009 (Counts 6 and 7); then nothing for a period of over two years until "in or around July 2011" (Count 2) (one defendant); nothing for three years until "in or around August 2014" (Count 8) (one defendant); and nothing again for three years until "in or about September 2016" (Count 3). Oren and Alon are not charged with sex trafficking *anyone* for a *seven-year period* between 2009 and 2016. The indictment does not factually allege an agreement but rather asks readers to infer one based on an eclectic sampling of disjointed and spread-out malfeasance. This fails to state an offense of conspiracy. Fed. R. Crim. P. 12(b)(3)(B)(v).

**II. The Indictment fails to allege a commercial sex act.**

Title 18 U.S.C. § 1591(e)(3) defines the statutory phrase "commercial sex act" to mean "any

sex act, on account of which anything of value is given to or received by any person." The government has not sufficiently alleged a commercial sex act as defined by statute, and the sex trafficking counts therefore must be dismissed under Rule 12(b)(3).

In a recent oral argument before the Second Circuit, one member of the panel noted that he was "a little puzzled by it, that [a] woman who's held down and screaming is engaging in a commercial sex act." 2d Cir., No. 25-1296, Oral Argument Recording at 26:26. The Court inquired:

> So how, I mean? It just puzzles me. I understand the theory that if a defendant offers another person a luxury vacation, rather than 50 bucks to engage in sex, and that sex happens, and that's a commercial transaction, but it's not a rape. But in these instances, it sounds like the government offered all of these inducements to get someone in a position to rape them. That's horrible, but it doesn't sound like anyone's engaging in prostitution in that setting. Can you just help me with that?

*Id*. The government told the Court that "we should focus on section 1591 and . . . what a thing of value is." The Court pressed further: "Doesn't . . . the thing of value have to be in exchange for a sex act?" *Id*. at 27:49. The government said "absolutely." *Id*. at 27:55. The Court then pointed out: "[T]hat definition taken literally you are saying covers a situation where someone induces another person to go with them to a secluded place and then rapes them." *Id*. at 28:18 The government agreed that was its theory. *Id.* at 28:41.

In support of this never-before-used theory of commercial sex act, and unfounded and unprecedented interpretation in support of the statutory requirement that the person who is sex trafficked "*engage* in a commercial sex act," 18 U.S.C. § 1591(a)(2), that is, "any sex act, on account of which anything of value is given to or received by any person," the government cited five civil cases, three of which involved former film producer Harvey Weinstein.

The first case was *United States v. Rainiere*, 55 F.4th 354 (2d. Cir.  2022).[1]  That case involved a secret society, the name of which roughly translated to "Lord/Master of the Obedient Female Companions."  *Id.* at 357.  The society was structured as a pyramid, with the defendant at the head "followed by first-line 'maters' and their subordinate 'slaves,'" who were "expected to be obedient to their 'masters.'"  *Id.* at 358.  The society recruited "slaves" who were expected to provide their "masters" with services called "acts of care," including buying them groceries, editing videos, cleaning, and organizing."

The government's indictment does not allege anything of value that was exchanged as "because of" or "on account of" the sex.  Instead, the indictments alleged that they "raped and sexually assaulted female victims to whom they had provided material benefits, including travel, concert tickets, and other luxury experiences." DE:86 at 3.  This does not sufficiently plead "because of" or "on account of" the sex act.  It alleges no link whatsoever.

The Indictment further alleges that "immediately following the sexual assaults, the defendants ***sometimes*** offered the victims material items, including travel, concert tickets, and other luxury experiences."  DE:86 at 3 (emphasis added).  This also fails to state an offense, because it does not connect the sex in any way to the subsequent offer.  And notably, the indictment fails to identify any things of value offered at any specific times   such as corresponding to the sex

---

[1]The government pointed the Court to footnote 9 of *Raniere*, which collected cases concluding that the statutory phrase "anything of value" encompasses "promises to help a person with career advancement."  55 F.4th 354 at n.9.  But this does not say anything about the facts alleged here: a promise to help a person with career advancement is perhaps the greatest thing of value   careers, after all, *continue to generate income*.  A promise of career advancement is not a comparable thing of value to a date. And, more importantly, it does not answer the question posed regarding the "on account of" language in the statute.  The government has failed to allege facts supporting that element here.

trafficking counts charged in the indictment (including in 2009, when the first acts are alleged).

This failure to allege anything of value at any specific time is significant for several reasons: first, allegations must be specific, Fed. R. Crim. P. 12(b)(3)(B)(iii); and, second, factual allegations in an indictment must state an offense; it is insufficient to state an offense by alleging that some elements were met sometimes and some elements were met other times, over a 12-year-period. Rule 12(b)(3)(B)(v).

At no point does the indictment allege that any things of value were given or received "on account of" or "because of" sex. The government has thus entirely failed to allege an essential element of the offense    that is, a commercial sex act. Making matters worse, the conspiracy count's conflation of alleged sex trafficking victims and alleged sexual assault victims makes it impossible to tell whether these offers of travel occurred with respect to the individuals who are alleged to have been sex trafficked, as opposed to those (improperly included in the Indictment) who are alternatively alleged to have been sexually assaulted or raped. *See* DE:86 ¶ 6. This highlights the problems with the "sometimes this/sometimes that" conspiracy, because it fails to allege *any* instance in which *all* of the elements of 18 U.S.C. § 1591 were satisfied. So even if the government argues that those provisions, identified above, *do* sufficiently plead a commercial sex act (which they do not), the indictment *still* fails to state an 18 U.S.C. § 1591 offense, because it fails to allege that *the same people who received such things of value* were *also* recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicit[ed]." 18 U.S.C. § 1591(a)(1).

The other cases the government cited to the Second Circuit panel were all civil cases, none of which saves the indictment's failure to allege sex trafficking. Instead, the government relies on cases stating that the "thing of value" need not be financial    its insistence on these cases, however,

provides no answer to the "on account of" inquiry raised here.  In *Noble v. Weinstein*, 335 F. Supp. 3d. 504, 521 (S.D.N.Y. Aug. 2018), also cited by the government at oral argument, the court recognized that "even if the prospect of a film role, of a modeling meeting, and of a continued professional relationship with TWC [Weinstein's company] were  not 'things of value' sufficient to satisfy commercial aspect of sex definition," a "reasonable expectation of receiving those things in the future, based on Harvey's repeated representations that she would, is sufficient."  Valuable jobs are of *course* a thing of value: this thus was cash in exchange for sex, as opposed to here, where there is no cash for sex.  *See also Eckhart v. Fox News Network LLC*, 2021 WL 4124616, at *9 (S.D.N.Y. Sept. 9, 2021) (also cited by the government in response to the Court's questions about "on account of", but merely establishing that an offer to help advance someone's career by getting them in a room with some really powerful people and a promise to bring someone on a future Fox News show as a frequent guest were "things of value" for purposes of the statute); *Geiss v. Weinstein,* 383 F. Supp. 3d 156, 168 (S.D.N.Y. 2019) (also cited by the government in response to questioning about "on account of"; holding that statute "extends to enticement of victims by means of fraudulent promises of career advancement").

A cash-for-sex case does not support the notion that a no-cash-for-sex case satisfies the statute.  *See* 2d Cir., No. 25-1296 (audio recording of oral argument of 6/10/25) at 28:18 (government agreeing with the court that its theory necessarily means that if someone induces another person to go with them to a secluded place and then rapes them, that is a commercial sex act).  The government's admission that the secluded-place example is a "commercial sex act" under its theory reflects the defective nature of its theory, warranting dismissal.

The government's citation to cases where valuable jobs have been offered in exchange for

sex illustrates the significant problems with its own theory — not only as to the "on account of" language, but also as to the "thing of value" language. The "thing of value" language must be given some conceptual limit. A drawing of a stick figure is a thing of value if people choose to assign it value. Is a date a thing of value sufficient to establish a commercial sex act? Is an invitation to a party a thing of value sufficient to establish a commercial sex act? The answer to these questions is no. The law is not that people who can afford to pay for expensive dates or host expensive parties expose themselves to federal sex trafficking charges when non-consensual sex occurs, but people who can only afford more modest dates do not. If the government claims that is so, where is the line drawn? Is a dollar slice enough? What if a group of friends rent a modest Airbnb for $150 a night, and then non-consensual sex occurs? Is that a thing of value? How about $300 a night? Is a six-pack of beers not enough, but a bottle of Dom Perignon is? If a poor person cannot commercially sex for a date, then a rich person cannot commercially sex for a date. *United States v. Boustani*, 932 F.3d 79 (2d. Cir. 2019).

The government's theory, as expressed at oral argument, is that the line should be drawn nowhere — that picking someone up and driving them to a secluded place is a commercial sex act. 2d Cir. No. 25-222 (audio recording of 6/10/25 oral arg.) at 28:18. This illustrates the absurdity with the government's theory: in arguing no *monetary* exchange required, it is really arguing no exchange of value at all. And that is simply not what the statute commands.

### III. The failure to allege interstate nexus warrants dismissal.

The government's lack of commerciality as to the sex act also creates substantial interstate nexus problems independently warranting dismissal due to lack of specification in the charges. There is no factual allegation that would allege interstate commercial nexus.

**IV.  The government's conflation of essential elements of 18 U.S.C. § 1591 fails to state an offense.**

The facts as alleged in the indictment conflate the essential elements of a U.S.C. § 1591 offense and thus fail to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v).

First, the government conflates the "commercial sex act" element with the "force fraud or coercion" element.  Rape is alleged to be both the force and the sex act.  But these are separate elements; the collapsing of them in this manner illustrates the problems with the government's theory.  In its sex trafficking theory, the government uses rape to satisfy both the commercial sex act element and the force-fraud-and-coercion element; though the government has made prejudicial allegations about drugging, it has not alleged drugging in a single substantive count of the indictment.  This conflation of the elements is just one example of how the government's allegations as charged in the indictment do not fit the paradigm sex trafficking model.  *Cf. United States v. Flanders*, 752 F.3d 1317, 1331 (11th Cir. 2014) (describing sex trafficking scheme in which defendant recruited women off modeling sites; convinced them to travel to South Florida for an "audition" for a liquor commercial; advised women to come alone to the audition; explained they needed to act out a scene before they could be taken to a second co-conspirator whom they thought was a Bacardi agent;  spiked women's drinks; filmed co-conspirator having sex with the women; then sold commercial copies of the videos in pornography stores and on internet sites).

The government also conflates the recruitment/enticement element with the commercial sex act.  The Indictment alleges that the defendants used "the promise of luxury experiences, travel, and accommodations to lure and entice female victims."  If this is what the government alleges satisfies

15

the recruitment/enticement/harbor/transport element[2], then the travel-as-enticement cannot *also* be the commercial sex act. Considering the following example: A defendant lures a defendant to a date by offering someone $50 to go on a date with him. The other person accepts. Subsequently, the other person is raped. In such an instance, there has been no commercial sex act as required by 18 U.S.C. § 1591. In 18 U.S.C. § 1591, the commerce involved in the sex act is *separate* from the commerce in relation to the enticement; as the statute makes clear, the enticement must be done in a way that affects interstate commerce. And the sex act must be *independently* commercial. The statute contemplates both commerce-affecting enticement *and* commerce-affecting sex. The indictment fails to allege these separate elements and instead creates the two, collapsing the statute into itself.

**V. The Indictment fails to provide constitutionally adequate notice; fails to allege essential elements with the requisite degree of specificity; and is so vague it fails to state an offense.**

The indictment does not inform how any of the statutes charged apply to defendants conduct, or even what the defendants' conduct was, where it happened, how it happened, who did what, which statutory alternative was violated, among a host of other things. The Indictment first devotes five-and-a-half pages to the conspiracy count, taking the reader on a meandering journey through nonstatutory and prejudicial allegations of sexual assault and rape with vague references to drugging, but no specific facts on any specific instances in which drugging is alleged.

As one example, the conspiracy count of the indictment alleges the defendants agreed to provide "cocaine, mushrooms, and GHB" to "women and girls," but there is not a single count in

---

[2] One element of 18 U.S.C. § 1591(a)(1) provides "[w]hoever knowingly   in or affecting interstate or foreign   commerce . . . "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person."

the indictment that alleges cocaine was provided to anyone; not a single count in the indictment that alleges mushrooms were provided to anyone; and not a single count in the indictment that alleges GHB was provided to anyone. *At no time in the indictment does the government allege that it has identified a single person to whom these drugs were allegedly provided*. This demonstrates that the government has alleged speculative prejudice in the absence of specific facts sufficient to state an offense. The unspecific references to drugging, untethered to any specific instance of charged sex trafficking, are insufficient to provide notice and insufficient to state an offense as to the force, fraud and coercion elements alleged.

And as for the other charges, there are no facts alleged, leaving the defendants in the dark as to what charges they must face. This brief adopts the discussion of pleading and notice requirements contained in Alon's Motion to Dismiss Count 5. As *Russell v. United States*, 369 U.S. 749, 765 (1962), provides, while "[u]ndoubtedly the language of the statute may be used in the general description of an offense," it "must be accompanied with such a statement of the facts and circumstances as well inform the accused of the specific offense, coming under the general description with which he is charged." *Id.* "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held an indictment must do more than simply repeat the language of the criminal statute." *Id. See also* Fed. R. Crim. P. 7(c)(1); U.S. Const. Amend. VI (right to be informed of the nature and cause of the accusation); Fed. R. Crim. P. 12(b)(3)(B)(v). The counts charged in the indictment fail to satisfy these pleading requirements.

Count 2 must be dismissed because it restates the statutory elements; it does not allege sufficient facts. It fails to allege where the offense occurred, who was involved, which statutory element is alleged and how (charging recruit, entice, harbor, transport, provide, obtain and maintain);

it fails to provide notice as to how threats of force, force, fraud, and coercion were used, or what combination of such means were used; it fails to allege what thing of value was given or received on account of the sex act.  The use of "in the Southern District of New York and elsewhere" is hopelessly vague, failing to sufficiently plead venue.

Count 3 must be dismissed because it does not allege sufficient facts.  The "in or about September 2016" fails to tell us when the offense occurred.  The count does not allege how the defendants "recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited" anyone, which statutory alternative is alleged, or who is the alleged victim.  It does not allege sufficient facts to plead the commercial sex act element and it does not allege sufficient facts with respect to force, fraud, and coercion.  It charges "at least one" commercial sex act against three people "in or about September 2016"    a period of three months.  It violates the rule against duplicity for the reasons stated in Alon's Motion to Dismiss Count 5, which contains the same "at least one" language without providing any detail as to when, where, how, who, what.  Oren adopts that legal discussion as it is applicable to this motion.  It fails to sufficiently plead venue.

Count 4 must be dismissed for lack of adequate notice and related reasons, including failure to state an offense.  *See* DE:72 (Motion to Dismiss Count 4).

Count 5 must be dismissed for duplicity, lack of notice, failure to state offense, and related reasons, including failure to plead venue. *See* Alon's Motion to Dismiss Count 5 (adopted and incorporated as relevant here).

Count 6 must be dismissed for lack of notice, failure to state an offense, and related reasons. The count does not identify when it occurred, who the alleged victim was, where it occurred, who did what, which statutory element is alleged and how (recruit, entice, harbor, transport, provide,

18

obtain, maintain); it does not allege what form of force, threats of force, fraud, and coercion were used    nor which combination of means.  It also charges "at least one commercial sex act," violating the rule against duplicity.  *See* Motion to Dismiss Count 5 (adopted and incorporated here to the extent relevant; discussing duplicity problems with the count's charging "at least one" commercial sex act over a period that could span three months).  From the indictment it is also impossible to distinguish between count 5 and count 6    were they related? Were they separate? Defendants are left guessing, in violation of their Sixth Amendment notice rights.  The count also fails to sufficiently plead venue.

Count 7 must be dismissed for the same reasons stated above.  Like the above counts, it fails to plead sufficient facts; it fails to say whether the defendants "recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited"; which combination of those statutory alternatives alleged, and the facts supporting that allegation.  It fails to put the defendants on notice of how the offense was "attempted" and how it was completed (charging both). It charges "at least one" commercial sex act, raising duplicity problems that are exacerbated by the lack of notice and warrant dismissal for that reason.  *See* Motion to Dismiss Count 5 (adopted and incorporated to the extent relevant here). It fails to sufficiently plead venue.  *See also* Part VI, *infra*.

Count 8 must be dismissed. It fails to sufficiently plead an offense and fails to provide adequate notice.  *See* Tal's Motion to Dismiss, DE:75, (adopted and incorporated as relevant here). It also charges "at least one" commercial sex act, raising the same duplicity and constitutional notice problems as discussed in several of the counts above.  *See* Alon's Motion to Dismiss Count 5 (adopted and incorporated as relevant here). It fails to sufficiently plead venue.

Count 9 must be dismissed for lack of adequate notice and related reasons, including failure

to state an offense. It fails to sufficiently plead venue.  *See* DE:72, 75.

Count 10 must be dismissed for lack of adequate notice, impermissible duplicity, lack of specificity, and failure to state an offense, including by a defective finding as to venue.  *See* Motion to Dismiss Indictment Based on Forum and Venue Manipulation.  The count as charged in the indictment also fails to provide adequate notice; including as to what substance was administered; who administered it; and how it was administered.  It charges the "use of force" statutory alternative to administering a drug or other intoxicant, but fails to state what use of force was alleged.  And it fails to allege the jurisdictional facts, conclusorily stating that the offense occurred "within the special maritime and territorial jurisdiction of the United States" "during a voyage" "on a foreign vessel" having a scheduled departure from the United States    it does not make clear whether it happened in the Bahamas; in Miami; or wherever else.  18 U.S.C. § 7(8) provides for jurisdiction "***to the extent permitted by international law***" on foreign vessel during a voyage.  The indictment does not allege how and in what manner this was permitted by international law, thereby failing to state the essential jurisdictional element of the offense.

## V. The 18 U.S.C. § 1594 offenses are time-barred (Count 1 and Count 7); and the 18 U.S.C. § 1591 counts are time-barred to the extent they rely on *Pinkerton* theory.

Title 18 U.S.C. § 1594 offenses    which, as relevant here, include the conspiracy charged in Count 1 (charging violation of 18 U.S.C. § 1594(c)); and the attempt charged in Count 7 (charging violation of 18 U.S.C. § 1594(a)).  The statute of limitations for violations of 18 U.S.C. § 1594 is five years.  18 U.S.C. § 3282.  *See United States v. Gibbs*, 2024 WL 1198055 (D. Del. March 20, 2024) (government dismissing 18 U.S.C. § 1594 counts after *pro se* defendant asserted time bar).

The conspiracy count must be dismissed because it does not allege any conduct since 2016.

*See* DE:86 at 6 (indictment incorporating alleged Victim-2, charged in Count 3, into the conspiracy). The conspiracy count includes the conclusory allegation, *id*. at 5, that the conspiracy continued "up to and including at least in or about 2021." But this vague suggestion that a conspiracy continued until 2021, in light of the failure to allege *any conduct whatsoever after 2016*, fails to state an offense within the statutory time frame. *United States v. Katz*, 601 F.2d 66, 68 (2d Cir. 1979) (participation in the conspiracy is presumed to continue until the last overt act by any of the conspirators). Any alleged sex trafficking conspiracy would thus have ended in 2016, and was long ended by "at least in or about 2021." The indictment does not allege any sex trafficking whatsoever that happened in the *five years* between 2016 and 2021.[3]

The portion of Count 7 charging an 18 U.S.C. § 1594(a) attempt must be dismissed or struck from the indictment. Count 7 charges conduct that allegedly occurred "in or about" June of 2009 *fifteen years' prior to the indictment.* This alleged § 1594 attempt charge is thus time-barred.

Finally, to the extent that the government (which has included no detail in its allegations regarding the substantive counts charged against more than one brother) charges any of the 18 U.S.C. § 1591 substantive offenses under a *Pinkerton* theory, they too are time-barred, as the conspiracy is as well.

## VI.    Conclusion

For the foregoing reasons, Counts 1 through 10 of the indictment should be dismissed.

> Respectfully submitted,
>
> KLUGH WILSON LLC
> 40 NW Third St., PH 1

---

[3] Illustrating the point, Alon Alexander was engaged to be married more than five years before the original indictment in this case.

Miami, Florida 33128
(305) 536-1191

/s/ Richard C. Klugh
RICHARD C. KLUGH
Fla. Bar No. 305294
E-mail: rklugh@klughlaw.com
*Counsel for Oren Alexander*