

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 21, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
              24 Cr. 676 (VEC)

Dear Judge Caproni:

      The Government respectfully submits this letter motion seeking permission to file a redacted version of the Government's omnibus response to the defendants' pretrial motions and to file its sole exhibit under seal. The Government has conferred with defense counsel, who do not object to this proposal. For the reasons set forth herein, the Court should approve this request.

      **I.**      **Background**

      On Friday, July 21, 2025, the Government submitted its omnibus memorandum of law in response to the defendants' pretrial motions, along with one exhibit attached thereto. The memorandum includes information related to victims and witnesses, descriptions of the Government's ongoing investigation, and information related to uncharged third parties. The exhibit is a message sent by a victim to Tal Alexander following the assault that, among other things, describes the victim's experience.[1]

      The Court recently granted the defendants' and the Governments request to to redact certain information from the defendants' motion and to seal certain exhibits in support of those motions in order to "protect[] the privacy of alleged victims and witnesses and maintain[] the confidentiality of ongoing investigations, as well as the sensitive nature of certain juvenile conduct." (Dkt. 116. *See also* Dkts. 92, 117.) The Governments' proposed redactions and sealing follow the Court's instructions regarding the interests that outweigh the presumption of public access.

      **Legal Standard**

      The public has a presumptive common law right to access judicial documents and the First Amendment protects the public's right to access judicial documents and proceedings. *Bernstein v. Bernstein Litowitz Berger &Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Hartford*

---

[1] The exhibit was produced by the Government as part of the discovery in this case.

*Courant Co. v. Pelligrino*, 380 F.3d 83, 91–92 (2d Cir. 2004). However, the weight to be given the common law presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

"Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand*.*" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure. . . should weigh heavily in a court's balancing equation." *In re New York Reporters Committee Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Id.* Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

The Second Circuit has also identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed:

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 1988).

In addition, the court in *Amodeo* found that the voluntary cooperation of persons who may want or need confidentiality "is also often essential to judicial efficiency." 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id*.

II.     Discussion

    A.  **The Proposed Redactions are Appropriate**

The Government's memorandum should be redacted where it contains descriptions of the Government's ongoing investigation, information related to uncharged third parties, juvenile conduct, and information that could lead to the identification of victims and witnesses. No defendant objects to the Government's request to redact these materials.

Most the proposed redactions are needed to protect the privacy interests of victims and witnesses, which include descriptions of victim statements to law enforcement about traumatic instances of sexual assault and rape. Even in an anonymized manner, these descriptions, which include dates and locations, could be used to identify the victims. Such identification would interfere with the victims' privacy rights and would also risk continued victim cooperation in this case and in future cases. *See* 18 U.S.C. § 3771(a)(8) (subdivision of the Crime Victims' Rights Act, which provides crime victims with the "right to be treated with fairness and with respect for the victim's dignity and privacy"). These legitimate interests outweigh the public's interest in disclosure. *See Amodeo*, 71 F.3d at 1050.

Other redactions are justified because they relate to the privacy interests of uncharged third parties, the Government's ongoing investigation, or juvenile conduct. The redactions are a reasonable means of "safeguard[ing] the privacy of individuals involved in an investigation," and ensuring the "prevent[ion of] interference with an investigation." *In re Dep't of Investigation*, 856 F.2d at 481. *United States v. Three Juveniles*, 61 F.3d 86, 94 n.9 (1st Cir. 1995) (referencing "long, sound tradition of preserving the confidentiality of juvenile proceedings" and noting that courts have declined to hold or even suggest that juvenile proceedings ought to be open).

### B. The Government's Exhibit Should Be Filed Under Seal

The Government's sole exhibit should remain under seal. It relates to statements made by one of the victims in this case describing the sexual assault in a particular forum. In context, these statements and descriptions could lead to the identification of the victim making the statements. The interests in protecting these victims' privacy and the potential cooperation of victims in the future outweigh any public interest in releasing these exhibits. *See* 18 U.S.C. § 3771(a)(8); *Amodeo*, 71 F.3d at 1050. Because of the nature of the exhibit, redactions would be required all the content of the exhibit. Accordingly, sealing, rather than redacting, is appropriate.

### III.   Conclusion

Accordingly, the Government requests that the Court accept the proposed redactions to its memorandum and permit the Government's exhibit to be filed under seal.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381