

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/18/2025

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 14, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



Re:   *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
      S3 24 Cr. 676 (VEC)

Dear Judge Caproni:

The Government respectfully writes in response to the Court's order that directed the Government to publicly file a redacted version of its motions *in limine* by November 14, 2025. *See* Dkt. 182. As described more below, in order "to protect the identity of alleged victims and government witnesses," the Court should permit the Government to file its motions with redactions that are intended to prevent the public identification of specific victims and uncharged individuals and protect the Government's ongoing investigation. *See* Dkt. 181. The Government has conferred with the defense who concurs with the proposed redactions.

The Government has proposed limited redactions to the portions of the motions *in limine* discussing the Statutory Victims. The proposed redactions do not redact all information provided by victims during interviews, only redacting information that could identify the Statutory Victims and that would enable the broader public or specific subsets of it to identify specific victims by connecting the victims to other information. These narrow redactions are appropriate and will protect the identities of victims. *See* 18 U.S.C. § 3771(a)(8).

The Government is seeking to redact all details of the testimony of each of the Conspiracy Victims, at least through the Court's rulings on the motions, which will determine whether the Conspiracy Victims are permitted to testify at trial. In the event the Court precludes any of the Conspiracy victims from testifying, the substance of their allegations may never become public. Accordingly, the Court should permit those details to remain redacted at this time, as those details are very personal and sensitive for the Conspiracy Victims. In the event the Court does permit the Conspiracy Victims to testify, the Government can provide another version that removes redactions from testifying witnesses. The public's right of access to the statements of victims who may not ultimately testify at trial is lower than their right of access to the facts relating to the Statutory Victims. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). On the other side of the ledger, the risk to law enforcement

investigations if victims' statements are prematurely released is high. *Id.* ("Officials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming."). The privacy interests of victims in not having their voluntary statements released publicly is also high. *Id.* ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up).

With the various interests at stake, the Government's proposed redactions to its motions *in limine* strikes the right balance. The identities and privacy rights of victims will be reasonably protected; the public will have access to much of the information relating to the Statutory Victims; and the interests of law enforcement investigations and victims in maintaining the privacy of victims of sexual assault will likewise be maintained.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s                      
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

---

Application GRANTED. The materials to be filed in redacted form are "judicial documents" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 3d 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). The weight of that presumption is moderate, and the interests in protecting the privacy of alleged victims and witnesses and maintaining the confidentiality of ongoing investigations, as well as the sensitive nature of certain juvenile conduct, outweigh the presumption here.

The redactions proposed by the Government to its motions *in limine* are appropriate, and the document submitted at Dkt. 188 is the operative public version.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 189.

SO ORDERED.

*[signature: Valerie Caproni]*      11/18/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE