# AGNIFILO
# INTRATER

November 23, 2025

**VIA E-MAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

    Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
                24 Cr. 676 (VEC)

Dear Judge Caproni:

    At the time of this letter, the S4 Indictment remains under seal. The defense requests that this letter remain under seal only until such time as the S4 Indictment is unsealed.

    Defendant Oren Alexander, through his counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 14, to sever Count Eleven from Indictment S4 24 Cr. 676 (VEC) returned three days ago, on or about November 20, 2025.[1] Count Eleven charges only Oren Alexander with Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2251(a) in connection with a video allegedly of him and a female who was purportedly seventeen years and ten months old at the time. The date of this video is alleged to be April 16, 2009. Count Eleven, which was charged on November 20, 2025 for the first time, charges an offense and related conduct that is new and different from all other charges either in the S4 Indictment or any prior Indictment.

    The crux of the Sexual Exploitation of a Minor charge is that the purpose of the sexually explicit conduct must be to produce or transmit a visual depiction of this conduct.[2] The nature of this offense is fundamentally different from sex trafficking or even sexual assault. It bears noting that Oren Alexander is not charged with sexual assault of this person, who, as noted was two months short of her 18th birthday, because the age of consent in New York is seventeen years of age. As a result, the government charged a pornography offense, which is an entirely different offense, with markedly different elements, from anything else charged in the S4 Indictment or any prior Indictment.

    Until last week, defendant Oren Alexander was prepared to start trial on January 5, 2026, on the S3 Indictment, which charged violations of Sex Trafficking, Conspiracy to Commit Sex

---

[1] This motion is being made only by Oren Alexander.
[2] According to Judge Sand's Modern Federal Jury Instructions, the second element of the offense is that "the defendant used or employed or persuaded or induced or enticed or coerced a person under eighteen years of age to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct." Sand, Modern Federal Jury Instructions, 62-2 (Elements of offense).

The Honorable Valerie E. Caproni
November 23, 2025
Page 2 of 6

Trafficking and Aggravated Sexual Abuse. Neither the S3 Indictment nor any prior indictment charged an offense of Sexual Exploitation of a Minor, nor did any indictment charge the conduct depicted on the video.[3] The addition of the Sexual Exploitation of a Minor charge, carrying a fifteen year mandatory minimum term of incarceration, six weeks before trial is prejudicial to defendant Oren Alexander, as well as to the other two defendants, given the January 5, 2026 trial date and that the three defendants are incarcerated. As a result, adding this charge to the Indictment six weeks before trial, after the deadline has passed for pretrial motions, *in limine* motions, expert disclosures, etc., amounts to prejudicial joinder under Rule 14. For this reason, defendant Oren Alexander requests that Counts One through Ten of the recently-filed S4 Indictment proceed to trial on schedule on January 5, 2026, and that Count Eleven be severed and tried at a future date convenient to the court and counsel.

Counsel recognizes that this Court wishes to avoid two trials. However, in light of the record made at the November 6, 2025, conference, set out more fully below, the government was on clear notice that a substantial, new, previously-uncharged offense six weeks before trial could lead to that charge being severed. The defendants should not have to suffer the consequences of proceeding to trial on a fifteen-year count without reasonable preparation on the one hand or agreeing to remain incarcerated while the Court and six defense lawyers schedule a month-long trial, on the other. There is, of course, a third option, one specifically provided for in the Federal Rules of Criminal Procedure: sever the new count and proceed as planned on the pre-existing charges.

1. **Adding A New Fifteen-Year-Minimum Count Charging A New Crime And New Conduct Not Previously Charged Six Weeks Before A Firm Trial Date Is Prejudicial Joinder Under Rule 14**

Rule 14(a) states in part as follows: "If the joinder of offenses or defendants in an indictment,…appears to prejudice a defendant…, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." There is no limitation under the Rule as to the basis or reason for the prejudice; the Court may sever either counts or defendants if justice requires. Courts have exercised the broad discretion afforded by Rule 14 to sever defendants and counts in a remarkably wide array of situations. Severance has been ordered, for instance, to maintain a trial court's calendar, s*ee United States v. Guterma,* 181 F.Supp. 195 (E.D.N.Y. 1960)("in addition to the question of apparent prejudice to some of the defendants, it would seem that the **Court should have the inherent power to regulate its criminal trial calendar**…")(emphasis added); or due to prejudicial spillover, *see United States v. DiNome*, 954 F.2d 839 (2d Cir. 1992); or where the proof against one defendant was stronger than against another, *see United States v. Spinelli*, 352 F.3d 48 (2d Cir. 2003); or where a co-defendant seeks to testify to exculpate a co-defendant, *see United States v. Finkelstein*, 526 F.2d 517 (2d Cir. 1975); or where a defendant seeks to testify as to certain charges but not others, *see United States v Sampson,* 385 F.3d 183 (2d Cir. 2004); or where defenses are sufficiently

---

[3] In the government's recent *in limine* motion, it asked the Court to admit the video under Rule 413 or Rule 404(b) or as uncharged evidence of the conspiracy in Count One (charging Sex Trafficking Conspiracy).

The Honorable Valerie E. Caproni
November 23, 2025
Page 3 of 6

antagonistic, *see United States v. Carpentier*, 689 F.2d 21 (2d Cir. 1982). Because there is no limit on the ways unfair prejudice can be visited upon a defendant, Rule 14 recognizes no such limit. Rather, if the trial court believes the joinder of a particular offense is prejudicial to a defendant, the judge has ample power to cure the prejudice through the remedy of severance.

Here, the prejudice of adding this one count six weeks before trial is that it puts counsel in an impossible position: either commence a trial on a fifteen-year mandatory minimum count six weeks after it is first charged, without sufficient time to make motions, explore expert testimony or sufficiently study and know the evidence and potential defenses, or ask to adjourn the trial for three incarcerated defendants to a time when the court and six defense lawyers are free to try a four to six-week trial.

        A.        <u>Background To The Video At the Heart of Count Eleven</u>

While the defense has been in possession of the single video (but none of the other related videos or other materials) since March 2025 – having been provided with it by the government in discovery – it was not until a few days ago that the government indicated for the first time that (i) it had purportedly identified the female in the video; (ii) that the female at the time was allegedly seventeen years and ten months old; (iii) that the video is accordingly child pornography; (iv) that the video was allegedly sent electronically in interstate commerce; and (v) that there was additional discovery concerning this video. Not only is this new information, it is radically different information than was previously provided. Between March 2025 and a few days ago, the government maintained that the female in the video was an adult. For starters, the government provided the video in discovery, which it would not have done if the video was child pornography. In addition, in repeated filings and court presentations, the government referred to the female in the video as a woman. This is frankly understandable, as every image of her is consistent with her being a woman, one perhaps in her mid-twenties.

The video at issue was on a hard drive seized by the government during the execution of a search warrant at 432 Park Avenue on December 11, 2024, almost a full year ago. The prosecution mentioned the video for the first time when it opposed the defendants' bail application in January 2025. In the government's bail letter and also in court, the government referred to the person in the video as "**a woman**," not a minor. *See* ECF 26, Det. Hrg., Tr. January 15, 2025, 20:20 – 21:16 ("**You have a woman on the bed, she is naked, she is laying there, she is with another man**.")(emphasis added).

The government first produced the 432 Park Avenue hard drive on March 3, 2025. In a March 10, 2025 email, the government confirmed that the "video from 2009 is in the set produced today and can be found at [a particular bates number]." The March 10, 2025 production included only this video and none of the other photographs or videos from the same encounter.

On September 30, 2025, the government produced the entire 1B35 – 432 Park Avenue hard drive. This included over one million additional images and over five thousand additional

3

The Honorable Valerie E. Caproni
November 23, 2025
Page 4 of 6

videos. The prosecutors explained to counsel that there was an FBI error and they mistakenly believed the entire contents had already been produced when it had not.[4]

Nonetheless, it appears that the government has still not produced all of the discoverable material surrounding this video. Notes in discovery produced on November 20, 2025, indicate that the government may be in possession of further discoverable materials related to this video. Even aside from discoverable materials in the government's possession still not disclosed, the defense received additional discovery as to this video only in the last two days.

### B.  The November 6, 2025 Court Conference

At the Court conference on November 6, 2025, the undersigned explicitly put the government on notice that if it superseded the indictment with a consequential new count, the defense reserved the right to move to sever it from the S3 Indictment. Specifically, counsel stated the following on the record:

> I think the Court is within its right…to say "there's a case before me, there's a trial date I have set. I have a schedule. I assume all these lawyers have schedules. And that trial is going to go forward on January 5." (quotation marks added)
>
> Now the concern, always – and I have no (reason) to think the government is going to do this…They come upon something that's dynamite new evidence on December 15. And we see a superseding indictment on December 18, and we say "Judge this is terrible. We can't start our trial." What do we do then? And so this request would make that not happen. (quotation marks added)
>
> And what I think the Court can do, I think, is the court can say "we're trying the S3 indictment on January 5. You guys investigate and have at it, **but if you get something different, something new, you have to put it in a separate charging instrument**.

Tr. November 6, 2025, 21:16 – 22:08 (emphasis added).

The Court stated, in part, as follows:

> Let me think about whether I want to set a deadline or say, either indict by this point or we're going forward with the S3 Indictment or leave it to the discretion of the Executive Branch, recognizing that the Judicial Branch may go in a way of severing out that count if it comes too late.

*Id.*, 23:06 – 23:11.

---

[4] We do not mention this here to complain about discovery, which is why we did not bring it to the Court's attention when it happened. Rather, we include this information now to provide background as to this evidence.

4

The Honorable Valerie E. Caproni
November 23, 2025
Page 5 of 6

The only party silent on this issue of a superseding indictment was the government which, of course, was the only party in a position to know whether it would supersede the indictment, with what count and when. The government chose to indict the new charge without telling the court or counsel, as is its asserted right as the Executive Branch. The Judicial Branch now has the right to sever it from the rest of the Indictment. And, that is because the defendant has the right to be free from prejudicial joinder.

### 2. **Defendant Oren Alexander Requires Reasonable Time To Defend Against This Charge**

It is of no moment that the defense has had the particular video since March 2025. The government stated the person was an adult, the events in the video were not charged as a count and the video had the status of 404(b) or 413 evidence. Everything changed a few days ago, when the government stated for the first time that it identified the person in the video and she was two months short of her eighteenth birthday at the time. As indicated above, there was additional discovery related to the events depicted on the video that were not provided in discovery until September 30, 2025, less than two months ago.

More importantly, the government charged a new offense that requires a defendant to have acted with the purpose to publish or transmit child pornography. As noted, this offense is fundamentally different from all the others. It also carries a fifteen-year mandatory sentence. The defense has an obligation to ensure it has all the discovery concerning this new charge, consider whether pretrial motions are appropriate, consider whether expert testimony may be necessary on the new charge and allegations, and conduct an investigation to determine whether the government's contentions are true or false. The defense would need 90 days at minimum to be ready to try the very serious allegations in Count Eleven.

### 3. **If The 2009 Video Is Played For The Jury, The Court Must Allow The Other Related Videos To Show the Context Of The Video At Issue**

Notwithstanding the addition of Count Eleven, the government continues to seek admission of the 2009 Video as direct evidence of the charged conspiracy, asserting that it is "powerful evidence of the means and methods of the conspiracy and the way the defendants worked with each other and other co-conspirators to carry out rapes and sexual assaults throughout the period of the charged conspiracy." Gov't Mot. at 39. In the alternative, the government seeks to admit the video under Rules 413 and 404(b) as corroboration of three propositions: (1) that the Defendants surreptitiously drugged and incapacitated women, (2) that they raped women with one another or with other alleged co-conspirators, and (3) that they filmed women during such assaults. *Id.* at 42-43.

The inclusion of a minor-exploitation charge—based solely on the woman's age for §2251 purposes—will unfairly prejudice the jury's view of the conspiracy allegations against all three defendants, particularly Tal and Alon Alexander (who are not charged in the Section 2251 count) as the government intends to use the 2009 Video to imply force, incapacitation, coercion, and video recording in an otherwise unrelated interaction.

5

The Honorable Valerie E. Caproni
November 23, 2025
Page 6 of 6

If the Court declines to sever Count Eleven, then fairness requires that the jury see all of the videos and photographs from the same interaction, which are referenced in the Defendants' opposition. Deft. Mot. at 27-28. These depict the broader context of the encounter, including:

1. Voluntary recreational drug use, not surreptitious drugging;
2. Conscious, communicative behavior, not incapacitation; and
3. Multiple consensual sexual encounters over the course of the night.

The government alleges that the woman depicted in the 2009 Video was 17 years old. While that age precludes legal consent to the *production* of sexually explicit images under 18 U.S.C. §2251(a), New York's age of consent is 17. She could legally consent to sexual activity in New York, and the question of consent is directly relevant to whether the 2009 Video has any probative value with respect to Count One, which requires proof of force, fraud, or coercion.

Tal and Alon Alexander are not charged with Sexual Exploitation of a Minor. Whether the sexual activity was consensual or whether any drug use was voluntary is not only relevant but essential to rebutting the government's claim that the video demonstrates the "means and methods" of the sex trafficking conspiracy. None of the other contextual footage supports the government's interpretation; to the contrary, the additional videos and photographs plainly depict voluntary drug use and consensual sexual conduct throughout a multi-hour interaction.

It would be unduly prejudicial to admit the government-selected segment of the 2009 Video while preventing Tal and Alon Alexander from presenting the surrounding evidence that shows a markedly different reality. Severance is therefore the preferred remedy. But if Count Eleven proceeds to trial with Count One, the Court should permit introduction of all contemporaneous videos and photographs and allow the defense to argue that the individual depicted consented to the sexual activity and voluntarily used drugs—facts that directly undercut the government's theories of incapacitation, coercion, and non-consent under Count One.

**4. Conclusion**

For the reasons stated, Oren Alexander asks that this Court sever Count Eleven from the remaining counts of the S4 Indictment. We appreciate the Court's consideration.

Respectfully submitted,

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

cc:   All counsel (via email)