UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>ALON ALEXANDER, TAL ALEXANDER, and OREN ALEXANDER<br>                          Defendants. | Case No.:  24-cr-676 (VEC) |

**DEFENDANTS' PROPOSED VOIR DIRE**

Defendants Alon, Tal and Oren Alexander respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. We submit the following questions pursuant to the Court's scheduling order (ECF 209). We respectfully request that the Court pursue more detailed questioning if a prospective juror's answer reveals that further inquiry is appropriate. The defendants also respectfully request that the Court give its standard preliminary instructions to the panel of prospective jurors.

The defense continues to request a jury questionnaire for this matter and depending on the Court's ruling on the defendants' request, it may have additional requests to include during *voir dire*.

## Legal Principles

1. Every defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in the case, decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. It never shifts to the defendant at any time. The defendant has no burden of proof at all. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

2. The law provides that a defendant in a criminal case has an absolute right not to testify, and that a juror cannot hold it against the defendant if he chooses not to testify. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

3. Under the law, the facts are for the jury to determine, and the law is for the Judge to determine. You are required to accept the law as I explain it to you even if you do not like the

law or disagree with it, and you must determine the facts according to those instructions. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

4. An indictment is not evidence. It merely describes the charges made against the defendants. It is an accusation and nothing more. It may not be considered by you as any evidence of the defendants' guilt. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

5. Under the law, you must consider each defendant and each alleged crime separately. You must find a defendant not guilty of the alleged crime you are considering, unless the evidence that has been presented in court proves him guilty of that particular crime beyond a reasonable doubt. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

6. There may be testimony from law enforcement officers in this case. I instruct you now that law enforcement officials have no greater and no lesser credibility than any other witness solely by their position as a law enforcement official. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

7. You are also going to hear testimony from alleged victims in this case. I charge you now that someone the government alleges to be a victim of a crime has no greater and no lesser credibility than any other witness solely by virtue of the government's allegations. If you disagree with this principle or would have difficulty following this instruction, please raise your hand so we can discuss at sidebar.

8. If you think you would tend to favor the alleged 'victim' testimony over that of other witnesses, please raise your hand so we can discuss at sidebar.

9. Is there any reason you could not be completely fair to the defendants in this case?

10. Is there anything about the fact this is a criminal case that would cause you to view the evidence a certain way?

11. Is there anything about the fact that this criminal case is brought by the United States Government that would cause you to view the evidence a certain way?

## General Ability to Serve and Hardship

12. If you would have any difficulty following my instructions with respect to the fundamental principles I have just outlined, please raise your hand so we can discuss at sidebar.

13. Do you have any personal commitments that would make it difficult for you to get to court by 9:30 a.m., every day of trial, or remain at the courthouse until 5:00 p.m.?

14. Do you have any medical, physical, or mental condition or illness that makes you unable to serve on a jury, including difficulty hearing, seeing, reading, or concentrating?

15. Are you taking any medication which would prevent you from giving full attention to all the evidence at this trial?

16. Do you have any pre-paid and non-refundable travel plans between January 5, 2026 and February 16, 2026?

17. Do any circumstances exist such that serving on the jury in this case would entail serious hardship or extreme inconvenience?

    a. If yes, what is the undue hardship or extreme inconvenience?

    b. What arrangements, if any, can you make to alleviate your hardship?

18. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict in a criminal case?

19. Is there anything else going on in your life or work that would prevent you from giving this case your full attention for the duration of trial?

20. You may serve on this jury anonymously for your privacy as a juror. This means that the parties would know your names but the press would not. Would this protection render you unable to be fair and impartial in hearing the evidence or lack of evidence in this case?

21. If there any reason you could not view and decide fairly and impartially a case involving the charges as I have described, please raise your hand so we can discuss at sidebar.

## Knowledge of the Trial Participants and Locations

22. If, before today, you had read, seen or heard anything about defendants Alon, Tal, or Oren Alexander, or the criminal charges or civil lawsuits brought against them, please raise your hand so we can discuss at sidebar.

    a. Please describe what you have read, seen or heard.

    b. Based on anything that you have read, seen, or heard about the defendants, including anything about the criminal charges against the defendants, what opinion, if any, have you personally formed about the defendants' guilt or innocence of the crimes charged?

23. This case is likely to receive ongoing media attention. I instruct you now that you are to avoid all media coverage. I want to make sure that this case is decided solely on the evidence presented in the courtroom and not based on influences outside the courtroom. I will advise you daily that you must avoid reading about the case on the Internet, in newspapers or listening to any radio or television reports about the case. I will further advise you not to discuss the case with family or friends during the trial or with your fellow jurors until it is time to deliberate. Would

these restrictions pose any difficulty for you? Do you have any reservations or concerns about your ability or willingness to follow this instruction?

24. Defendant Tal Alexander is represented by Milton Williams, Deanna Paul and Alexander Kahn. Defendant Alon Alexander is represented by Howard Srebnick, Jackie Perczek and Jason Goldman. Defendant Oren Alexander is represented by Marc Agnifilo, Teny Geragos, and Zach Intrater. They will be assisted by Easton Stelly and Sarju Patel. Seeing them here today, do you know any of these individuals?

25. The prosecution, referred to here as the government, is represented here as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The government is represented by Assistant United States Attorneys Kaiya Arroyo, Elizabeth Espinosa, Andrew Jones and Madison Smyser. They will be assisted by FBI Agent Justine Atwood and NYPD Detective Antonio Pagan, as well as Paralegal Specialists [*names*]. Seeing them here today, do you know any of these indivudals?

26. Are you familiar with anyone else present in the courtroom, including all court personnel or myself? Did you recognize any of your fellow jurors in the jury assembly room?

27. I will now hand you a list of names of individuals[1] who may be mentioned during the trial, or who may be witnesses in this case. Please read this list to yourself and answer the following questions referring to the number next to the relevant name without saying any name out loud. Do any of you know any of the people on that list personally? Have you had any dealings, directly or indirectly, with any of these individuals? To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these individuals?

---

[1] The parties will meet and confer and provide a list of individuals who will be mentioned at trial once witness lists are exchanged.

5

28. Do you have any familiarity with any of the following places that may be mentioned during the course of the trial?

**Prior Jury Service**

29. Have you ever served as a juror in a trial in any court? If yes, was it a criminal or civil case and, without saying what the verdict was, did the jury reach a verdict? Have you ever served as a member of a grand jury in any court?

30. For those of you who have served as jurors on a civil case or as grand jurors, I instruct you now, and will do so at length at the end of the case, that the burden of proof at a criminal trial is different and higher than that in a grand jury or in a civil proceeding. Can you assure me you will follow my instruction on the burden of proof at a criminal trial, which is proof beyond a reasonable doubt.

31. Is there anything about your past jury service that would prevent you from acting as a fair and impartial juror in this case?

32. Have you, a family member, or someone close to you been the victim of a crime of violence, reported or not?

33. Have you, a family member or someone close to you been the victim of a sexual assault, rape, or sex crime of any type?

34. If so, do you believe this experience would affect your ability to be a fair and impartial juror in this case?

35. Have you or anyone close to you ever been accused, arrested, charged or convicted of a crime?

36. Have you, or has any member of your family with whom you resided at the time, or a close friend, ever been employed by or received training from any local, state or federal law

6

enforcement agency? If yes, do you believe this would interfere with your ability to serve as a fair and impartial juror?

### **Personal Background and Demographics**

37. What is your age?

38. What is your place of birth?

39. What is your gender identity?

40. In what city and county do you live?

41. Who, if anyone, do you live with?

42. If you are married or in a relationship, what is your spouse or partner's occupation and employer?

    a. How long have they worked for that employer or been in that occupation?

    b. What are their job responsibilities?

43. Do you have children?

    a. If so, what are their ages?

    b. If you have adult children, what, if anything, do they do for work?

44. What is your occupation? What are the specific duties and job responsibilities? Do you manage or supervise others as part of your job? How long have you been at your job?

    a. If you are not currently employed, please describe your most recent prior employment.

45. What is the highest level of education you have completed, and if you have any college or post graduate degrees, what was your degree or area of study?

46. I am going to read you a list of occupational areas. Please tell me if you or someone close to you has any training, experience, or specialized knowledge in that area, and explain your/their experience:

    a. Business
    b. Real Estate
    c. Sex Crimes
    d. Sexual Assault Training
    e. Sexual Harassment Training
    f. Nursing
    g. Psychiatry/Psychology
    h. Therapy
    i. Religious Counseling
    j. Addiction Treatment or Counseling
    k. Finance
    l. Law or Law Enforcement

47. What clubs, groups or organizations do you belong to or regularly participate in (for example, church groups, professional organizations, volunteer activities, victim's rights groups, etc.):?

    a. If you have a spouse or partner, what clubs, groups or organizations does your spouse or partner belong to or regularly participate in?

48. Do you or any member of your family or a close friend belong to any group or organization that that is primarily concerned with issues related to the rights of crime victims?

49. Do you or any member of your family or a close friend belong to any group or organization that that is primarily concerned with issues related to sexual assault or sex crimes?

50. What do you do in your free time? What are your hobbies or interests outside of work and family?

51. Do you use any social media platforms? If yes, which ones?

    a. Have you communicated to others, posted your opinion on social media or online, or 'liked' any social media posts about the defendants?

52. How do you get your news?

   a. What, if any, newspapers, magazines, websites, online news services or publications do you read most often?

   b. Do you listen to any podcasts? If so, which ones?

53. I am going to read three group-decision making styles, and I'd like you to tell me which one comes closest to the way you make decisions:

   - Strongly express your views to get the outcome you believe is best

   - Participate in the discussion and try to help build a consensus

   - Listen and follow what you think the majority favors

54. Do you believe you make most decisions based on intuition or the examination of facts?

## Nature of the Case and Charges

55. The charges in this case involve allegations of, among other things, sex trafficking, sexual assault, child pornography and child exploitation. Is there anything about the nature of these allegations that would make it difficult for you to be fair and impartial?

56. Is there anything about the nature of these allegations that would make it difficult to give the defendants the presumption of innocence or to hold the government to proving the allegations beyond a reasonable doubt?

57. The government has the burden of proof to prove these allegations beyond a reasonable doubt. Are you willing to accept and comply with this legal requirement in a case involving allegations of child pornography and child sexual exploitation?

58. During this trial, you will be shown a video of alleged child pornography. Regardless of your personal feelings about such a piece of evidence, will you be able to render a fair and impartial verdict based on the evidence and my instructions?

59. There will be evidence of sexually explicit videos, photographs and language in connection with this case. If you are not comfortable watching such videos and looking at such photographs as part of your job as a juror, please raise your hand so we can discuss at sidebar.

60. As part of the deliberation process, you may have to talk about sexuality and intimacy and other personal topics. If you might be uncomfortable doing this in this setting, meaning as a juror speaking with other jurors, please raise your hand so we can discuss at sidebar.

61. There may be evidence in this case about people having multiple sexual partners. If there is anything about this that would make it difficult for you to serve as a fair and impartial juror in this case, please raise your hand so we can discuss at sidebar.

62. There will be evidence in this case about group sex, including sex acts involving one or more of the three brothers on trial at the same time. If this type of evidence will make it difficult for you to be a fair and impartial juror in this case, please raise your hand so we can discuss at sidebar.

63. Do you believe that individuals who engage in consensual group sex are acting immorally, even if it is legal? Do you believe that women would not ever agree to participate in group sex with multiple men or women?

64. There will be evidence that the defendants sought to engage in orgies. Will this type of evidence make it difficult for you to be a fair and impartial juror in this case?

    a. Do you have any opinions about those who do engage in that activity?

  b.  Have you or anyone close to you ever sought to engage in, or engaged in, orgies or group sex?

65. Defendants Tal and Oren Alexander work in the real estate industry. Do you have any opinions about the real estate industry, or people in that industry, that would affect your ability to serve as a fair and impartial juror in this case?

66. Has anyone had a negative personal experience with a real estate agent or with someone in the real estate industry? If yes, how would that affect your ability to serve as a fair and impartial juror in this case?

67. Have you ever visited or spent time in the Hamptons (e.g., East Hampton, Southampton, Sag Harbor, Montauk)?

  a.  If so, how frequently have you visited the Hamptons, and for what purpose (e.g., vacation, work, social events)?

  b.  Do you have negative opinions or negative personal experiences about the Hamptons, its culture, or the people who frequent that area?

  c.  Beyond the Hamptons, have you ever regularly visited or vacationed in other affluent beach destinations in the Northeast or elsewhere?

  d.  Do you own property in any such beach destination, or do you have close friends or family who do?

68. Have you ever participated in a 'share house' or similar group rental arrangement with friends or acquaintances for a vacation, particularly at a beach destination?

  a.  If so, can you describe the nature of that experience? How long did it last, and what was the general atmosphere?

   b. Did you have any negative or particularly memorable experiences during a share house stay that might affect your ability to be impartial in a case involving social gatherings or group living situations?

69. You may hear evidence relating to the use of illegal drugs. Do you have any feelings, beliefs, or experiences relating to illegal drugs, the enforcement of drug laws or drug use that could affect your ability to be fair and impartial in this case?

70. Do you believe that if a person engages in illegal drug use, it makes it more likely they broke the law in other ways?

71. Do you believe that it is immoral to have consensual sex with a partner who voluntarily chooses to become intoxicated by consuming alcohol and / or illegal drugs leading up to and / or during the sexual encounter?

72. Have you ever been through a traumatic event?

   a. If so, would that affect your ability to listen to witnesses who may say that they went through traumatic events?

73. You will hear testimony that the defendants and certain potential witnesses are Jewish; some are of Israeli descent and some are of Arab descent; would that impact your ability to serve as a fair and impartial juror in this case?

74. Similarly, do you have any views on the events of October 7, 2023 and the resulting Israeli/Palestinian conflict that would impact your ability to serve as a fair and impartial juror in this case?

75. Do you have any views about the United States Attorney's Office for the Southern District of New York, the Federeal Bureau of Investigation, the NYPD, or any other law enforcement agency that would interfere with your ability to be fair and impartial?

76. Do you have any views about criminal defense attorneys that would interfere with your ability to be fair and impartial?

77. Having listened to the subject matter of this trial and the type of evidence that may be elicited, is there any reason why you cannot be a fair and impartial juror in this particular case?

78. Is there a matter not addressed in my questions that you would like to bring to the attention of the Court?

We appreciate the Court's consideration.

Dated:   December 1, 2025
         New York, New York

Respectfully submitted,

_____
Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jason Goldman

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul
*Attorneys for Tal Alexander*

cc:   All Counsel (via ECF)