

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 1, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
      24 Cr. 676 (VEC)

Dear Judge Caproni:

  The Government respectfully submits this letter in opposition to Oren Alexander's motion to sever Count Eleven from the other ten charges proceeding to trial in January. (*See* Dkt. 206). The Court should deny this motion. Count Eleven is properly joined in the S4 Superseding Indictment with the other ten counts, and severing the count from the pending trial would be grossly inefficient and would require, among other things, the victim depicted in the video to testify at multiple trials. Conversely, the defendants suffer no undue prejudice by trying all eleven counts in the indictment together.

  As an initial matter, although the defendants do not dispute the point, Count Eleven, which charges Oren Alexander with the sexual exploitation of a minor from an April 2009 incident during which he recorded himself assaulting an incapacitated seventeen-year-old victim, is properly joined under the Federal Rules of Criminal Procedure with the other counts in the indictment. *See* Fed. R. Crim. P. 8(a) (joinder is proper where multiple counts "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."). As the Court recognized at the conference on November 24, 2025, the video that is at the core of Count Eleven is "evidence of the conspiracy [charged in Count One] generally." (*See* 11/24/25 Tr. at 65). This means that even if Count Eleven is not tried with Count One, the Government will nevertheless introduce the evidence of this assault at trial for Count One, which illustrates that the two counts are properly joined. *See United States v. Blakney*, 941 F.2d 114, 116 (2d Cir.1991) ("Joinder is proper where the same evidence may be used to prove each count.").

  At trial, among other things, the evidence the Government expects to introduce related to the April 2009 incident includes photographs and videos from the incident, the testimony of the victim, and the testimony of at least two officials with the FBI: the agent who recovered the hard drive during a search of Tal Alexander's apartment and the forensic examiner who extracted the contents of the drive. All this evidence is relevant to proving that Oren Alexander sexually

assaulted the incapacitated victim as part of a larger scheme to incapacitate and sexually assault victims, whether or not Count Eleven is being presented to the jury. (*See* 11/24/25 Tr. at 65). Severing Count Eleven from the January trial would thus create a significant duplication of effort that would require presenting much of the same evidence to multiple juries, including requiring the victim to testify twice, to say nothing of the inefficiency inherent in selecting multiple juries and trying the same defendant multiple times. *See Blakney*, 941 F.2d at 116 ("The evidence in support of the two counts was thus interconnected, and the interests of judicial efficiency were served by having the counts tried together.").

Despite joinder being proper under Rule 8, Oren Alexander asks the Court to sever Count Eleven from the remaining counts, pursuant to Rule 14, because of prejudice he alleges he will suffer if this count is tried in January. Specifically, the defendant claims prejudice resulting from a need to make motions, to retain an expert witness, and to investigate the charge. (*See* Dkt. 206 at 5). However, these claims do not meet the "heavy burden of showing that joinder will result in substantial prejudice" that would warrant severance. *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (internal quotation marks omitted).

As to motion practice, the defendants have already filed extensive motions, including motions to suppress evidence found during the search of Tal Alexander's apartment, which the Court denied. *See United States v. Alexander*, 2025 WL 3154981, at *13-18 (S.D.N.Y. Nov. 11, 2025). To the extent there is a basis for any additional motion practice, the Government does not oppose an expedited timeline for the defense to file such motions. Similarly, the Court can and should set a deadline for the defendant to notify the Government of any additional expert witness testimony. This can all be accomplished in advance of the scheduled trial date.

As for the defendant's claim that additional time is needed to investigate, the defendant has six weeks between the filing of the indictment and the beginning of jury selection. But more than that, he has been on notice since January 2025 that the Government viewed this incident as a sexual assault and would almost certainly introduce evidence at trial of this assault of an incapacitated victim. The defendant also possessed the core of the evidence related to Count Eleven, including the photos and videos taken on April 16, 2009, before this charge was brought. (*See* Dkt. 206 at 3-4). After the indictment was returned, the Government provided the defendants additional evidence related to the metadata for the video and the identity and age of the victim. The Government has also processed the original hard drive through additional forensic software and will provide the defendants with copies of the non-contraband files from that additional extraction, which are mostly duplicative of evidence already provided to the defendants from the original extraction.

All of the defendant's claimed prejudice is a matter of timing, not of any prejudice that inherently results from trying all counts of the indictment together.[1] To the extent the Court finds that the defendant suffers any undue prejudice from the timing of the filing of Count Eleven, the remedy is not severing the count from the indictment, but rather "a brief adjournment of the trial." (*See* 11/24/25 Tr. at 3). The Government has conferred with defense counsel but does not know if

---

[1] At present, the Government does not oppose the defendant's request to admit evidence related to the April 16, 2009 incident beyond the video of Oren Alexander assaulting the minor victim. (*See* Dkt. 206 at 5-6).

the defendants are requesting an adjournment if the motion to sever Count Eleven is denied. But given the minimal prejudice here, the number of witnesses who are expected to travel and testify at trial, and the preparations that are already underway for a January trial, any adjournment should be short.

                                        Respectfully submitted,

                                        JAY CLAYTON
                                        United States Attorney

By:   /s                        
      Kaiya Arroyo
      Elizabeth A. Espinosa
      Andrew Jones
      Madison Reddick Smyser
      Assistant United States Attorneys
      (212) 637-2226/-2216/-2249/-2381

cc: All defense counsel