UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   -v.-

ALON ALEXANDER
OREN ALEXANDER, and
TAL ALEXANDER,

              Defendants.

S4 24 Cr. 676 (VEC)

---

**THE GOVERNMENT'S PROPOSED VOIR DIRE**

Following the Court's general preliminary instructions and questions, the Government requests that the Court summarize the charges and ask prospective juror the questions below about their abilities to serve as fair and impartial jurors.

The indictment in this case charges that between approximately 2008 and 2021 Alon Alexander, Oren Alexander, and Tal Alexander, who are brothers, conspired—that is agreed—with each other to commit sex trafficking by force, fraud, and coercion, including by using the promise of luxury experiences, travel, and accommodations to lure and entice female victims to locations where they were then forcibly raped or sexually assaulted by one or more of the defendants. The indictment also charges additional offenses of sex trafficking by force, fraud, or coercion; sex trafficking of a minor; inducement to travel to engage in unlawful sexual activity; aggravated sexual abuse by force or threat or intoxicant; and sexual exploitation of a minor. Briefly summarized the charges are as follows:

Count One charges that between 2008 and 2021, all three defendants—Alon Alexander, Oren Alexander, and Tal Alexander—conspired to commit sex trafficking by force, fraud, or coercion.

Count Two charges that in or about May 2011, Tal Alexander committed the offense of sex trafficking by force, fraud, or coercion against Victim-1.

Count Three charges that in or about September 2016, all three defendants committed the offense of sex trafficking by force, fraud, or coercion against Victim-2.

Count Four charges that in or about September 2016, all three defendants committed the offense of inducement to travel to engage in unlawful sexual activity against Victim-2.

Count Five charges that in or about May 2009, Alon Alexander and Tal Alexander committed the offense of sex trafficking of a minor against Minor Victim-3.

Count Six charges that in or about June 2009, all three defendants committed the offense of sex trafficking by force, fraud, or coercion against Victim-4.

Count Seven charges that in or about June 2009, all three defendants committed the offense of sex trafficking by force, fraud, or coercion against Victim-5.

Count Eight charges that in or about August 2014, Tal Alexander committed the offense of sex trafficking by force, fraud, or coercion against Victim-6.

Count Nine charges that in or about August 2014, Tal Alexander committed the offense of inducement to travel to engage in unlawful sexual activity against Victim-6.

Count Ten charges that in or about January 2012, Alon Alexander and Oren Alexander committed the offense of aggravated sexual abuse by force or threat or intoxicant against Victim-7.

Count Eleven charges that in or about April 2009, Oren Alexander committed the offense of sexual exploitation of a minor against Minor Victim-8.

1. Now that you've heard the statement of what the case is about, do you recognize this case, meaning do you have any personal knowledge of the charges in the Indictment or facts relating to it, as I have described them to you?

2. Have you heard or seen or read anything about this case or the defendants? If so, is there anything you read or heard that would cause you to feel that you cannot decide the case based only on the evidence presented during trial and the instructions on the law that I will give you?

3. During the trial, there will be evidence concerning rape, sexual assault, and sex trafficking by force, fraud, or coercion. There will also be evidence concerning the sex trafficking and sexual assault of victims who were 16 and 17 years' old at the time. Do you feel that you could not decide fairly and impartially—based only on the evidence presented at trial—a case involving such charges and subject matter?

4. During the trial, there will be evidence concerning the distribution and use of illegal drugs. Do you feel that you could not decide fairly and impartially—based only on the evidence presented at trial—a case involving such subject matter?

5. Have you formed an opinion that the conduct charged in the Indictment, as I have described it to you, should not be a crime? Conversely, do you believe that an individual accused of committing the charges I described should not be entitled to a fair trial by a jury of his or her peers?

6. Have you or someone close to you ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to sex trafficking, rape, sexual assault, or sexual abuse generally?

7. Some of the evidence and testimony in this case will include descriptions, videos, or other evidence of sexually explicit conduct. Do you feel that the nature of this evidence would affect your ability to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

8. Would you have any difficulty assessing the credibility of a witness testifying about being a victim of sexual assault in the same manner that you would evaluate any other witness?

9. Do you have any opinion about the enforcement of federal laws that I have described that might prevent you from being fair and impartial in this case?

10. Do you believe that sexual contact between adults and teenagers, in particular 16- and 17-year-olds, should not be illegal, or that laws concerning these types of crimes should not be enforced by the federal government?

11. Do you believe that a sex act does not constitute rape or non-consensual sex unless the victim or non-consenting party used physical force to resist the sex act? In other words, do you believe that a victim or non-consenting party must fight or physically resist for the sex act to be rape or sexual assault?

12. Do you believe that someone who voluntarily consumed alcohol or drugs could not be incapacitated and unable to consent to sex?

13. Do any of you believe that a teenager cannot be a victim of sexual assault unless that person was forced to engage in a sex act?

14. Have you, a family member, or someone close to you been a victim of sexual assault or sexual harassment?
    a. If yes, would that experience affect your ability to fairly and without bias sit as a juror in this case?

15. Have you, a family member, or someone close to you been charged with or accused of sexual assault?
    a. If yes, would that experience affect your ability to fairly and without bias sit as a juror in this case?

16. [If applicable]: Multiple witnesses will be testifying under a pseudonym. The full names of the witnesses are known to the Government, the defense, the Court and they will be known to the jury. I will instruct you that this is entirely proper and is a common procedure in cases like this one. Nevertheless, have you formed an opinion about the propriety of testimony provided under a pseudonym? Does that opinion affect your ability to assess the credibility of that witness just like you would any other witness?