**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 1, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,* S3 24 Cr. 676 (VEC)**

Dear Judge Caproni:

The Government respectfully writes to request that the Court give brief preliminary instructions on the law prior to opening statements, in accordance with this Court's prior practice. *See, e.g.*, *United States v. Reese*, No. 24 Cr. 402 (VEC) (S.D.N.Y. Mar. 10, 2025), Trial Tr. at 22-27; *United States v. Bynum and Davis*, No. 21 Cr. 603 (VEC) (S.D.N.Y. Nov. 1, 2023), Dkt. 1160 at 30-33; *United States v. Caban*, No. 19 Cr. 166 (VEC) (S.D.N.Y. Oct. 14, 2021), Dkt. 367 at 20-22.[1]

**Preliminary Instructions**

I am now going to tell you a little bit about the law that you will have to apply to the facts as you find them. These are only preliminary instructions. They are designed to help you evaluate the evidence as you hear and see it in light of what you will be asked to decide after you have heard all of the evidence. The final instructions that I will give you at the end of the trial will contain more details about the applicable law. To the extent there are any differences between these preliminary instructions and the final instructions at the end of the trial, the final instructions will control.

The Government has charged Alon, Oren, and Tal Alexander with multiple crimes. The Government has the burden of proving every element of each crime charged beyond a reasonable doubt. You will be required to return a separate verdict for each defendant on each charged crime.

[1] Other courts in this District also regularly provide preliminary instructions on the substantive law governing the charged crimes. *See, e.g.*, *United States v. Castillero*, No. 23 Cr. 622 (JMF) (S.D.N.Y. Oct. 21, 2025), Trial Tr. at 13-16; *United States v. Peraire-Bueno*, No. 24 Cr. 293 (JGLC) (S.D.N.Y. Oct. 15, 2025), Trial Tr. at 65-69; *United States v. Alvin Eusebio*, No. 22 Cr. 22 (GHW) (S.D.N.Y. Nov. 6, 2024), Trial. Tr. at 27-29; *United States v. Mathieu and Behiry*, No. 17 Cr. 763 (LGS) (S.D.N.Y. Apr. 2, 2019), Dkt. 615 at 23-35.

As to all of the charges, there is more for me to instruct you on that I am not mentioning here, but I will tell you about each charge in detail at the end of the trial.

All three defendants are charged with multiple counts of sex trafficking adult victims. Specifically, Tal Alexander is charged with sex trafficking four women, and Alon and Oren Alexander are charged with sex trafficking three women. To sustain its burden of proof on these charges, the Government must prove:

First, that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained the victim.

Second, that the defendant knew, or recklessly disregarded, that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act. In this context, a "commercial sex act" is any sex act, on account of which anything of value is given to or received by any person. The "thing of value" does not need to have a monetary component; it can be any tangible or intangible thing that has value to the victim including, for example, travel, amusement, or entertainment. There must be some causal connection between the giving or receiving of the thing of value and the sex act, but this causal connection does not require an explicit quid pro quo, or a "this for that" exchange—in other words, the victim does not need to agree to engage in the sex act in return for the thing of value.

Finally, that the defendant's conduct affected interstate or foreign commerce in any way, however minimal.

All three defendants are also charged with a conspiracy to commit sex trafficking. For this, the Government must prove that each defendant agreed with at least one other person to commit the crime of sex trafficking, as I have defined it for you.

Alon and Oren Alexander are also charged with sex trafficking a minor victim. The elements of this offense are like those of sex trafficking of adult victims, which I just described. However, with respect to sex trafficking of a minor, the Government does not have to prove that force, fraud, or coercion were used to cause the victim to engage in a commercial sex act. Instead, for this offense, the Government must prove that the victim was under the age of eighteen and that the defendants, at minimum, had a reasonable opportunity to observe the victim, including by meeting the victim in person before or during the offense. Consent is not a defense to this charge.

All three defendants are also charged with enticing one or more victims to travel to engage in an illegal sex act. Tal Alexander is charged with enticing two victims, and Alon and Oren Alexander are charged with enticing one victim. For this, the Government must prove:

First, that the defendant knowingly persuaded, induced, enticed, or coerced the victim to travel from one state to another.

Second, that the victim traveled between states.

Finally, that the defendant enticed the victim to travel so that the defendant could commit a sexual assault against her in violation of New York law.

Alon and Oren Alexander are also charged with one count of aggravated sexual abuse for their sexual assault of a victim on a cruise ship. For this, the Government must prove:

First, that the defendant engaged in a sexual act with the victim.

Second, that the defendant did so by either: (1) using force against the victim, or (2) giving the victim a drug that substantially impaired the victim's ability evaluate or control her own conduct, without her knowledge.

Finally, Oren Alexander is charged with sexual exploitation of a minor for filming himself engaging in sex acts with a minor victim. For this, the Government must prove:

First, that the victim was under the age of eighteen. The defendant does not have to know the victim's age.

Second, that the defendant used the victim to engage in sexually explicit conduct for the purpose of recording that conduct. Consent is not a defense to this charge.

Third, that either: (1) the recording was produced using materials that had been manufactured out of state, or (2) was transmitted over the internet.

At the conclusion of the trial, I will explain in much more detail what the Government must prove in order to satisfy its burden of proof on each element of each charge. Remember that each defendant is presumed innocent, and the Government has the burden of proving guilt beyond a reasonable doubt. The indictment itself is only an accusation, it is not proof of guilt or anything else.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381