# AGNIFILO INTRATER

December 8, 2025

**VIA E-MAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
             24 Cr. 676 (VEC)

Dear Judge Caproni:

      We write this letter to respond to the government's December 7, 2025 letter setting forth purported harms to alleged victims if they were required to testify using their names. The government's request that no less than *seventeen* government witnesses testify under fake names is as prejudicial as it is unprecedented. No case has ever permitted such an unfair and unconstitutional deprivation of a criminal defendant's Sixth Amendment right to confrontation and Fifth Amendment Due Process, and this should not be the first. In addition, no case has ever permitted witnesses to testify under fake names for the reasons proffered here, which for each witness is speculative, intangible and does not rise to the sort of compelling reason that may remotely justify this unconstitutional result.

      With the rarest of exceptions, trials in America proceed in public with the defendant, the jury, and the American people being able to evaluate the truth and falsity of the testimony coming from the witness box. The heart of the reason that trials are public and that witnesses are known to the jury and the public is to best ensure that every witness testifies truthfully, and that if they do not, that the public would be free and able to correct that testimony in any regard. For instance, if a certain named person testifies that she was at a party and only had half a drink, others following the case who were also at that party could contact the defense lawyers to say, "I was with her that day; her testimony is not true." That person may or may not agree to be a defense witness. Even if they do not testify, they may provide information to counsel for use on cross examination.[1] Perhaps they have a photograph of the witness or an old text message with the witness that is inconsistent with the trial testimony. This is all part of what the constitution requires in criminal trials.

      This is a case where text messages and photographic evidence are critical for the jury to evaluate, in part because the case entirely lacks any physical or forensic evidence (biological trace evidence, toxicology reports, blood tests, etc.). And, here, the government has failed, over and over again, to get complete written communications, to obtain the records that they even rely upon in

---

[1] This hope is not merely speculative. One person has already contacted defense counsel to give us helpful and important information on one civil plaintiff. Allowing anonymity in this case impedes the evidence.

The Honorable Valerie E. Caproni
December 8, 2025
Page 2 of 7

their letter, and to get full photographic evidence of the events at issue. The defense here would be entirely prejudiced if just one person was prevented from providing communications that exculpate the defendants.

We have no doubt that many government witnesses prefer to testify under a fake name, but that is hardly the standard for such a grave and profound constitutional violation. Testifying under a fake name makes it more unlikely that the public will give defense counsel contrary information regarding their sworn accounts. Eliminating the American people as a check on the truthfulness of witnesses in public criminal trials should not become the norm and should not be allowed under these circumstances.

That the government is hoping to have a criminal trial where virtually all of their witnesses are shielded from the public speaks volumes about the state of criminal prosecution in America. The core value of criminal trials should be ensuring that the evidence is of the highest quality and that it is sufficiently tested for accuracy. Any proposal that defeats this core goal should be rejected.

The reasons set forth in the government's letter do not rise to the level of a "legitimate interest" compelling enough to infringe on the defendants' constitutional rights to confront the witnesses against them and have a public trial. The government cannot carry the heavy burden required to rebut the presumption of openness required in a criminal case. *See, e.g.*, *United States v. Marti*, 421 F.2d 1263, 1266 (2d Cir. 1970). As set out in the government's letter, many of the proffered reasons related to the alleged victims are speculative in nature and related to possible and theoretical professional or psychological harms that have not befallen *any* of the alleged victims who have been publicly associated with this case by suing under their true names. Those individuals' true names have been broadcast, and the government has not been able to point to any actual harms that any of those individuals have suffered psychologically or professionally. Moreover, the government's broad request—for *seventeen* alleged victims to testify using fake names is not "narrowly tailored," nor is it in furtherance of a "legitimate interest," as required by the caselaw.

The government cites to *Raniere*, where *three* witnesses in a two-month long trial testified using their first name or first initial of their first name. As mentioned in court, the circumstances of *Raniere* were much different, where first names allowed other members of the public to identify the witnesses and provide potentially exculpatory evidence to defense counsel. Here, however, using first names or pseudonyms would shield the public and defense counsel from important potentially exculpatory information about the alleged victims.

Furthermore, since the status conference, counsel was made aware of a decision in *United States v. Cherwitz*, 23-cr-146 (DG) (E.D.N.Y.). There, the government requested that ten witnesses testify using their "first names or pseudonyms only." 1/7/2025 *Cherwitz* Tr. at 9-10. Judge Gujarati rejected this motion and found as follows:

> Although the court recognizes that that certain testimony is likely to involve highly personal matters, indeed matters that are often kept as private matters, and that there

2

The Honorable Valerie E. Caproni
December 8, 2025
Page 3 of 7

may be some negative consequences of the public airing of those matters, the court is not convinced on the particular circumstances of this case that those factors outweigh the relevant Sixth Amendment considerations here and general considerations of fairness.

Under the particular circumstances of this case, defendants' argument that it is "far easier to come to court and lie anonymously than it is to stand on testimony with one's true name" has some force.

*Id.* at 11. The same is true here. Many alleged victims here state that they fear they will not be able to work professionally or gain clients if they are required to testify under their true name. There is no logical basis for that as a reason in the law or in fact. No court has found that one's *potential* internet footprint is enough to overcome the defendants' and the public's rights to a public trial. The speculative nature of these purported reasons cannot possibly justify anonymous testimony in a case where all three defendants face the possibility of multiple 15-year mandatory minimum counts. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The only plausible reason counsel can think of here is that the alleged victims know that their stories as told to the government will fall apart on cross-examination and that this will be exposed publicly.

As we have stated to the Court, "our best chance at success is treating every purported victim with utmost respect and meeting them on their own terms, and making points to a savvy New York jury about that individual person." 12/5/25 Tr. at 124:5-8. We do not seek to embarrass, harass, and intimidate, and our experience with the press in matters such as these is that they will not either. However, it is important that the defendants have the constitutional right to confront the witnesses against them, that they be able to have a public trial, and that the trial does not devolve into chaos with having to keep track of 17 fake names. The government's proffered reasons in their December 7, 2025 letter does not meet the standard of purported harm that has at times justified some witnesses testifying under a pseudonym.





The Honorable Valerie E. Caproni
December 8, 2025
Page 5 of 7



The Honorable Valerie E. Caproni
December 8, 2025
Page 6 of 7



\* \* \*

The Honorable Valerie E. Caproni
December 8, 2025
Page 7 of 7

  The government's proposal should be rejected because it infringes on the defendants' ability to fully confront the accusers and it should be rejected because due process means that trials are fully public, with the public being able to pass upon and comment on the truthfulness of the testimony in court. We strongly oppose this motion for these reasons and the others set out above.

  Thank you for your consideration.

Respectfully submitted,

_____
Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek
Jason Goldman

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:  All counsel (via ECF and email)