

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 17, 2025

**BY EMAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
              S3 24 Cr. 676 (VEC)

Dear Judge Caproni:

      Pursuant to the Court's December 12, 2025 order (Dkt. 252), the parties in the above-referenced matter met and conferred on December 16, 2025 regarding a requested charge regarding jurors' anonymity and witnesses' use of a pseudonym during trial. The parties agree to the proposed voir dire question regarding witness pseudonyms and a preliminary instruction regarding juror anonymity. The parties disagree about the content of a preliminary instruction on the use of pseudonyms by witnesses, as described below:

**Voir Dire (Witness Pseudonym)**

1. Certain witnesses may be referred to in open court by a pseudonym—that is, under a different name - to protect their privacy. The full names of the witnesses are known to the Government, the defendants, the Court, and they will be known to the jury. Would you be more likely to believe a witness for no other reason than because they testified under a different name? Would you be less likely to believe a witness for no other reason than because they testified under a different name?

**Preliminary Instruction (Juror Anonymity)**

1. The names and identities of the jurors are known to the court and both parties who will keep your names and identities in confidence. In order to protect your privacy, that personal information about you will not be disclosed to the public. This is in no way unusual. It is a common practice followed in many cases in the federal courts.

      While there is significant agreement, the parties disagree about certain language for a preliminary instruction regarding witness pseudonyms. Each party's proposed language is listed

below. The parties have highlighted the portions of the opposing parties' proposed language to which they object.

**Preliminary Instruction (Witness Pseudonym)**

1. <u>Government Proposal</u>: Certain witness may be referred to in open court by a pseudonym, that is, not using their real names. The Government, the defendants, the Court, and you, the jury, will know their real names, but the names will not be used in open court ==solely to protect the privacy of these individuals from disclosure to persons who are not parties to this case.== Some witnesses will testify with a different first and last name, and other witnesses will testify with their true first name and a different last name. ==The fact that a witness is testifying using a pseudonym does not mean that his or her testimony is deserving of greater or lesser weight than that of any other witness.==

2. <u>Defendant Proposal</u>: Certain witness may be referred to in open court by a pseudonym, that is, not using their real names. The Government, the defendants, the Court, and you, the jury, will know their real names, but the names will not be used in open court, ==so their testimony will not be subject to the same public scrutiny as witnesses who testify under their real names==. Some witnesses will testify with a different first and last name, and other witnesses will testify with their true first name and a different last name. ==While a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses who testify under their real names and subject their testimony to more public scrutiny.==

1. **The Government's Position**

Courts within this jurisdiction routinely instruct jurors on how to evaluate the testimony of pseudonymous victims, just as they provide instructions for law enforcement, experts, and other kinds of witnesses with which jurors do not have much experience. As the defendants state below, and as their repeated and derisive use of the term "fake names" in arguments and submissions makes clear, the defendants intend to argue to the jury that the victim-witnesses in this case should be viewed skeptically because they are testifying pursuant to a pseudonym. That is not the law, and the defendants cite none in support of their proposal. As courts within this jurisdiction routinely instruct, "[t]he fact that a witness is testifying using a pseudonym does not mean that his or her testimony is deserving of greater or lesser weight than that of any other witness." *United States v. Combs*, 24 Cr. 542 (AS) (S.D.N.Y.) (5/12/2025 Trial Tr. at 96:15-17 (providing preliminary instruction)). *See also United States v. Maxwell*, 20 Cr. 330 (AJN) (11/29/2021 Trial Tr. at 24:21-25:4 (same)). The Government accordingly asks the Court to provide the jury with the instruction as currently written.

2. **The Defendants' Position**

The defense objects to the highlighted clause and sentence in the preliminary instructions on pseudonyms. The defense's position is that the credibility of the witnesses is an issue for the jury to decide. The instruction as proposed by the Government improperly signals to the jury that a witness should be believed despite her use of a pseudonym, which, as the defense contends,

allows these numerous witnesses to provide untruthful testimony without the check normally associated with such testimony. The defense submits that the Court should instruct the jury that the testimony of witnesses using a pseudonym should be subject to more caution than the testimony of other witnesses who testify using their real names.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By:   /s  
    Kaiya Arroyo
    Elizabeth A. Espinosa
    Andrew Jones
    Madison Reddick Smyser
    Assistant United States Attorneys
    (212) 637-2226/-2216/-2249/-2381