# AGNIFILO
# INTRATER

---

January 13, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander & Tal Alexander*,
              24 Cr. 646 (VEC)

Dear Judge Caproni:

      We are in receipt of the government's letter seeking alibi notice for the following alleged victims: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16, 21, 25 and 26. By way of background, on December 30, 2025, the government sent defense counsel a letter seeking alibi notice as to all of the above alleged victims as well as the following: 13, 14, 15, 18, 19, 20, 23 and 24. On January 3, 2026, the defense served a letter to the government in response to the government's December 30, 2025, stating that the government's letter was deficient because (i) 22 of the 24 requests lacked sufficient date and time, (ii) the government sought alibi notice for events under Fed. Rules of Evidence 404(b) and 413 as well as events relevant only to allegedly prove the existence of a conspiracy, and other grounds.

      Seemingly in response to the defendant's January 3, 2026, letter, the government changed its request for alibi notice by eliminating any such request as to purported victims 13, 14, 15, 18, 19, 20, 23 and 24. The government seems to have eliminated the request to those incidents deemed admissible under Rules 404(b) and 413. However, the government has not tightened the dates and times as to the existing requests. Also, the government continues to request alibi notice as to those events deemed relevant to prove the conspiracy under Count One.

      In regard to this modified request, it continues to be deficient in four respects.

      First, the government's request fails to set forth the date, the time and the place in regard to the events for which it seeks notice. Vague references three-day weekends, two-day weekends and the other nonspecific dates and times in are insufficient to trigger any obligation on a defendant's part to provide an alibi. Second, to the extent you seek alibi notice for events for which no defendant has been charged with a substantive offense, there is no obligation on behalf of a criminal defendant to notice the prosecution as where a defendant may have been. Alibi notice relates to charged offenses alone, as the Rule explicitly provides. Third, to the extent your December 30, 2025 letter states that the offenses at issue took place on the dates, times and locations indicated, this assertion is inconsistent with your proffered theory of sex trafficking and sex trafficking conspiracy that these offenses did not occur at the place and time of any alleged rape or sexual assault. Indeed, you have taken the position that the crimes of sex trafficking and

The Honorable Valerie E. Caproni
January 3, 2026
Page 2 of 4

conspiracy to commit sex trafficking can have been fully committed even without an act of sexual assault.

These three issues will be addressed in order.

1. <u>The Government's Request Is Too Vague To Trigger Alibi Notice</u>

Rule 12.1 is clear: the government must set forth "the time, date and place" of an alleged offense. If the government does that, assuming other elements are in place (to be discussed below), the defense has ten days to provide alibi notice in regard to the "time, date and place" of an alleged offense as noticed by the government. However, with the exception of two alleged events (neither of which are offenses), you have not set forth the time, date and place in regard to any of the twenty-four events in your letter.

As to several instances, the government states that a sexual assault occurred at some point during or approximately a three-day or a two-day period of time. As to other alleged assaults, the government states they occurred "on or about" a certain morning or "on or about" a certain evening. These are plainly not specific allegations concerning "time, date and place." In *United States v. Bickman,* 491 F.Supp. 277 (E.D. Pa 1980), the court found that where the government provided a time period of 10.5 to 11.5 hours in duration for the occurrence of an offense, this was too vague to trigger a defendant's alibi obligation under the Rule, stating "the Court finds that the Rule is not available as a device to be used for the purposes of broad discovery or to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague." Id. at 279.

2. <u>The Government Is Not Entitled To Alibi Notice For Anything Other Than Charged Offenses</u>

The government also seeks alibi notice for events not charged as a substantive offenses or not charged at all. The grand jury charged the defendants only with the substantive counts and with a sex trafficking conspiracy, without further charging the defendants with any particular acts or events as part of the conspiracy. The court will recall that when superseding the S-3 Indictment with the S-4 Indictment, the government eliminated the language concerning what events were part of the charged conspiracy. As a result, as to the S-4 and S-5 Indictments, the grand jury did not vote that the defendants engaged in any particular actions to commit the Count One Conspiracy aside from the events specifically alleged in the indictment. As a result, these other events that the court ruled, as a matter of evidence, are admissible as to the conspiracy are not "alleged offenses" for the simple reason that the grand jury did not vote them as such.

Rule 12.1(a) states as follows: "Upon written demand of the attorney for the government stating the time, date, and place at which **the alleged offense** was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi." (emphasis added). That the Rule is limited to the alleged offense is consistent with the definition of alibi. The definition of alibi is "a defense that places the defendant at the relevant time in a different place than the

2

The Honorable Valerie E. Caproni
January 3, 2026
Page 3 of 4

scene involved and so removed therefrom as to render it **impossible for him to be the guilty party.**" Black's Law Dictionary, Fifth Edition, West Publishing 1979 (emphasis added).  Both Rule 12.1 and the definition of alibi indicate that an alibi applies only as to a defendant's whereabouts in regard to a charged crime.  It has no relevance to events admissible under Rule 404(b) or 413 or even events admissible only to show an ongoing conspiracy that was not specifically voted by the grand jury.  The core of the definition of an alibi, as the Black's Law Dictionary makes clear, is that an alibi renders it impossible for a defendant to be the guilty party.  For this reason, Rule 12.1 confines the notice to "the alleged offense," and does not extend to other events.

The meaning of the plain text of Rule 12.1 has seen support in the case law.  *See United States v. Gilbert*, 188 F.R.D. 176, 177 (D. Mass. 1999) ("Defining 'offense' beyond the criminal acts charged in the indictment, as the Government seeks, would allow the Government to discover information it is not entitled to and, arguably, border on a violation of Defendant's right to remain silent under the Fifth Amendment to the United States Constitution. Simply put, the Government's suggested interpretation of an 'offense' could cause much mischief. The plain language of Rule 12.1(a) makes clear Congress' intent that a request for alibi information be particular as to the time, date and place of an alleged criminal act and, therefore, that the term 'offense' does not include uncharged conduct"); *id.* at 178 ("'alibi' means 'that at the time of commission *of [the] crime charged in the indictment*, defendant was at a different place so remote or distant or under such different circumstances that he could not have committed the offense"); *United States v. Ducran*, 639 F. Supp. 2d 127, 128 (D. Mass. 2009) (same).

Under the Fifth Amendment, the phrase "charged conduct" means conduct charged by a grand jury.  While the government may prevail upon a court to permit it to elicit certain evidence to prove "the charged conduct," as the government has here, that does not transform the admissible evidence into what the grand jury has charged.  There is no obligation on the defense to provide alibi notice as to what the court has deemed admissible as evidence so long as that precise conduct was not actually charged by a grand jury.  Indeed, as this stage, the court has not made a final decision as to what uncharged evidence will be admissible to prove the conspiracy or under Rules 404(b) or 413, observing that while it has deemed certain evidence admissible, at some point, this evidence will be cumulative and inadmissible.  This underscores the elemental difference between evidence and charges.  The substantive counts are charged obviously.  The conspiracy is charged as well.  However, without a specific allegation in the indictment that the conspiracy the grand jury charged involves alleged crimes outside the substantive offenses themselves charged in the indictment, these other alleged crimes are not "alleged offenses" and not appropriate for alibi notice under Rule 12.1.

3. <u>The Government's December 30, 2025, Letter Is Inconsistent With Its Stated Theory of Sex Trafficking and Sex Trafficking Conspiracy</u>

The Government's December 30, 2025, letter is premised on criminal liability being dependent on the defendants being physically present at the dates, times and locations indicated in the letter.  This is inconsistent with other representations of the government concerning its theory of criminal liability, specifically that even if the defendant is not present at the time of an alleged

3

The Honorable Valerie E. Caproni
January 3, 2026
Page 4 of 4

sexual assault, he can still be guilty of sex trafficking or conspiracy to commit sex trafficking. There is a fundamental inconsistency by the government as to its position on sex trafficking.

However, even absent such clarification, the government's factual notice is insufficient as to any alleged offense in the indictment. Accordingly, the defense is not required to provide any notice of an intention to rely on an alibi defense.

4. <u>The Government's December 30, 2025, Letter Omits Information for the Inducement Counts</u>

Finally, the government's letter identifies no dates, times, or locations for Counts Four and Nine. The Court has made clear that for § 2422(a) charges involving inducement to travel, the Government must prove that *at the time of the alleged persuasion or attempted persuasion*—when the offense is complete—the defendant acted with the intent that unlawful sexual activity would occur. The dates the Government has identified for Victim 2 and Victim 6 post-date the alleged travel and therefore do not supply the temporal information necessary to trigger Rule 12.1.

Separate and apart from any alibi notice, the defense requests clarification of this information.

Thank you for your attention to this matter.

Respectfully,

Marc Agnifilo
Zach Intrater
Teny Geragos

*Attorneys for Oren Alexander*

Howard Srebnick
Jackie Perczek

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:   All counsel (via ECF)