# AGNIFILO
# INTRATER

---

January 13, 2026

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

      Re:    ***United States v. Alon Alexander, Oren Alexander & Tal Alexander,*** 
              **24 Cr. 646 (VEC)**

Dear Judge Caproni:

      On January 8, 12 days before jury selection was set to begin, the government superseded to add a new Count 11. What had been Count 11 became Count 12. The government did not include any mens rea allegation whatsoever in the new Count 11.

      Count 11 must be dismissed pursuant to Rule 12 because of this basic omission.[1]

      "A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000). "If the indictment does not state the essential elements of the crime, the defendant cannot be assured that he is being tried on the evidence presented to the grand jury, or that the grand jury acted properly in indicting him." *Id.* (citing *Russell v. United States,* 369 U.S. 749, 770 (1962)). This right is guaranteed by both the Fifth and Sixth Amendments. *See id.*; *see also, e.g., United States v. Morrison*, 536 F.2d 286, 287 (9th Cir. 1976) (vacating conviction because indictment failed "the general rule that an indictment or information which does not set forth each and every element of the offense fails to allege an offense").

      "Because the requirement of a sufficient indictment serves these important purposes, the indictment must be considered as it was actually drawn, not as it might have been drawn." *Id.* (citing *Sanabria v. United States*, 437 U.S. 54, 65–66, (1978) ("The precise manner in which an indictment is drawn cannot be ignored....")).[2]

---

[1] The defendants move pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) (governing pretrial motions alleging "(B) a defect in the indictment or information; including . . . (v) failure to state an offense").

[2] The sufficiency of the indictment is a matter of law that is reviewed de novo. *See United States v. Velastegui*, 199 F.3d 590, 593 (2d Cir. 1999). "The timing of the defendant's objection is important to the level of scrutiny employed; a defendant who objects to the indictment before trial . . . is entitled to a more exacting review of the indictment than one who waits until after trial to object." *Pirro*, 212 F.3d at 91. Moreover, "each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated." *United States v. Huff,* 512 F.2d 66, 69 (5th Cir. 1975).

The Honorable Valerie E. Caproni
January 13, 2026
Page 2 of 6

When defendants move to dismiss counts, the government's typical response is that their indictment tracks the language of the statute, and so that is enough. *See, e.g.*, *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir.1999) ("we have consistently upheld indictments that 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir.1975)).

But the problem for the government here is that Count 11 does not track the language of the statute, which includes the word "knowingly."

Section 2242(2)(B) states, in relevant part: "Whoever, in the special maritime and territorial jurisdiction of the United States . . . **knowingly**—. . . (2) engages in a sexual act with another person if that other person is—. . . (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." *Id.* (emphasis added).

Since the government always makes the argument that their indictments should not be dismissed because they track the language of the statute, then here, where their indictment does not track the language of the statute, it follows that the indictment must be dismissed.[3]

Because Count 11 does not use the word "knowingly" at all, this is a fatal error and Count 11 must be dismissed. But this basic error also indicates the possibility of a more fundamental problem – what did the grand jury hear about the statutory requirements? Aside from dismissing Count 11, we request, respectfully, that the Court conduct an *in camera* review of the grand jury transcript to ensure that the government has actually properly instructed the grand jury on the law in this case. If the government did not include a mens rea allegation in their indictment, what did their legal instructions to the grand jury look like – not just on Count 11, but on the other counts as well?

This is especially important here when the Court compares Count 10 with the new Count 11. These two counts represent a classic hedge by the government: they now are charging what appears to be the exact same sexual encounter in two very different ways, allegedly violating two different statutes. (Compare Count 10 (charging that Oren and Alon, after administering an intoxicant, used force against Victim-7 and thereby caused Victim-7 to engage in a sexual act) with Count 11 (charging that Oren and Alon engaged in a sexual act with Victim-7 while Victim-7 was incapable of declining participation)). The government, after interviewing Victim-7 multiple times, does not appear to know what happened in January 2012. Was an intoxicant used or not?

---

[3] Because the indictment does not track the statutory language, the Second Circuit has long held that the indictment is still deficient even though the indictment cites to the statute. *See, e.g.*, *United States v. Berlin*, 472 F.2d 1002, 1006 (2d Cir. 1973) (holding counts must be dismissed where indictment did not allege mens rea even though indictment cited to relevant statute "[t]his deficiency was not cured by the fact that each count cited the statute that appellant is alleged to have violated. Although the statutes in question explicitly require knowledge of the falsity, if this were enough to cure a deficient statement, then almost no indictment would be vulnerable to attack . . . We have been cited to no authority indicating that an indictment can be cured in such a fashion.").

The Honorable Valerie E. Caproni
January 13, 2026
Page 3 of 6

Was force used or not? Critically, what did the grand jury hear? Without the Court examining the grand jury transcript, we will never know.

Count 11 also does not accord with the Court of Appeals cases interpreting § 2242(2)(B), which hold that § 2242(2)(B) has two separate mens rea requirements: the defendant must both (1) knowingly engage in sexual activity and (2) know that victim was incapacitated at the time.

The Court of Appeals cases that have interpreted § 2242(2)(B) have confirmed uniformly that – unsurprisingly – this criminal statute has a mens rea requirement. Indeed, § 2242(2)(B) has two separate mens rea requirements. In *United States v. Freeman*, 70 F.4th 1265, 1279 (10th Cir. 2023), the Tenth Circuit affirmed the district court's jury instructions for § 2242(2)(B) where "the instruction stated that the government was required to prove beyond a reasonable doubt that 'the defendant knew that Jane Doe was incapable of appraising the nature of the conduct, or physically incapable of declining participation in that sexual act, or physically incapable of communicating unwillingness to engage in that sexual act,'" because "[a]s the district court correctly noted, this element 'cannot be established unless the victim was incapable of declining *and* [the] [d]efendant knew that the victim was incapable.' We agree with the district court that this element '*does* require two separate findings, albeit within one element.' The instruction required the government to prove that Freeman 'knew' that Doe was incapacitated." *Id.* at 1279 (emphasis in original).

The Court of Appeals further observed: "Notably, the instruction did not use more equivocal language such as "thought" or "believed" when describing Freeman's mental state." *Id.* The Court of Appeals found significant that "instead, the instruction required the jury to find beyond a reasonable doubt that Freeman 'knew' that Doe was incapacitated." Only because the jury instruction included the mens rea requirement accurately – knowledge as opposed to thought or belief – did "the instruction accurately state[] the governing law and provide[] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *Id.* (*quoting United States v. Thomas*, 749 F.3d 1302, 1312 (11th Cir. 2014) (further internal quotation marks and citation omitted)).

In *United States v. Peters*, 277 F.3d 963 (7th Cir. 2002), the Court of Appeals for the Seventh Circuit reversed a conviction under § 2242(2)(B) because of insufficiency of the evidence. In so doing, the Court held, "the government failed to sufficiently establish that Peters *knowingly* engaged in a sexual act with [the alleged victim] when she was physically incapable of declining participation in the sexual act." *Id.* at 968 (emphasis in original).

The conviction in *Peters* could not be sustained, the Court held, because "[t]he record is devoid of evidence establishing that Peters acted knowingly. . . . [T]he leap to conclude that Peters *knew* that [the alleged victim] was physically incapable of declining participation in the sexual act is even more attenuated and one that a rational juror could not make. We simply cannot conclude that the evidence presented was sufficient such that any rational trier of fact could have found Peters guilty of each element of the offense beyond a reasonable doubt." *Id.*

*United States v. Bruguier*, 735 F.3d 754, 759–60 (8th Cir. 2013) examined the mens rea requirements of § 2242(2) at length, and concluded that § 2242(2) "requires that [the defendant] knew [the alleged victim] was 'incapable of appraising the nature of the conduct' or 'physically

incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.'" *Id.* at 757-58.

*Bruguier* summarized the Supreme Court jurisprudence on this issue, and discussed both *Staples v. United States,* 511 U.S. 600 (1994) and *Flores–Figueroa v. United States,* 556 U.S. 646 (2009). "[D]etermining the mental state required for commission of a federal crime requires construction of the statute and ... inference of the intent of Congress." *Staples*, 511 U.S. at 605. Courts "ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element." *Flores–Figueroa*, 556 U.S. at 652.

Moreover, "offenses that require no mens rea generally are disfavored, and [the Supreme Court has] suggested that some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime." *Staples*, 511 U.S. at 606 (internal citation omitted).

There is therefore "a presumption that 'knowingly' in section 2242(2) applies to the circumstances following the conjunction 'if,'" which led the Eighth Circuit to "the conclusion that section 2242(2) requires that [the defendant] knew [the alleged victim] was 'incapable of appraising the nature of the conduct' or 'physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.'" *Bruguier*, 735 F.3d at 758.

For § 2242(2)(B), "neither the 'context' nor 'background circumstances' lead to the conclusion that 'knowingly' in section 2242(2) does not apply to the victim's incapacity or inability to consent. In fact, the context and background circumstances further compel the conclusion that 'knowingly' does apply to each element." *Id.*

Indeed, *Bruguier* compared § 2242(2) with its neighbors, § 2241 and § 2243. The Court held that "both section 2241 and section 2243 include provisions that explicitly narrow the mens rea requirement. . . . Section 2242, however, contains no affirmative language relieving the government of its burden to prove the defendant's knowledge." *Id.* at 759. While "all three statutes included in the same Act make it illegal for a defendant to 'knowingly' engage in certain 'sexual act[s]'", "[s]ections 2241 and 2243 explicitly limit the application of 'knowingly,' while section 2242 does not." *Id.*

The Court therefore held that "reading section 2242(2) in the broader context of the Act, and applying *Rodriguez*'s presumption that 'disparate inclusion or exclusion' of statutory language is intentional, reinforces the conclusion that 'knowingly' in section 2242(2) applies to the victim-incapacity element of the offense." *Id.* at 759 (*quoting Rodriguez,* 480 U.S. 522, 525 (1987)); *see also Holder v. Humanitarian Law Project,* 561 U.S. 1 (2010) (rejecting interpretation of statute as "untenable in light of the sections immediately surrounding" it because "Congress did not import the intent language of those provisions" into the statute at issue); *Hui v. Castaneda,* 559 U.S. 799, 807 (2010) (noting that "explicit exception" in one statute was "powerful evidence" that similar statutes did not "imply such an exception"); *Northcross v. Bd. of Educ.,* 412 U.S. 427, 428 (1973) (noting that "similarity of language" in two different statutes was "strong indication that the two statutes should be interpreted" the same). Other Court of Appeals have found the same. *See, e.g.*,

The Honorable Valerie E. Caproni
January 13, 2026
Page 5 of 6

*United States v. Brown*, 774 F. App'x 837, 840 (5th Cir. 2019) (applying the Fifth Circuit's model jury instruction on § 2242(2), which is based on the assumption that § 2242(2) requires the defendant to have knowledge that the victim was incapacitated).

It is therefore clear that Count 11 of the Indictment fails to allege a critical element of the offense, and so must be dismissed. *See, e.g.*, *United States v. Heicklen*, 858 F. Supp. 2d 256, 276 (S.D.N.Y. 2012) ("Because the Indictment does not allege that Heicklen attempted to influence a juror through a written communication made in relation to a specific case before a juror or in relation to a point in dispute before a juror, the Court finds that the Indictment fails to state all of the elements of the offense described in 18 U.S.C. § 1504 and must be dismissed as legally insufficient."); *United States v. Knowles,* 29 F.3d 947, 952 (5th Cir.1994) (explaining that the failure to allege a nexus to interstate commerce under a count charging a violation of the Gun Free Schools Act "render[ed] that charge fundamentally defective"); *United States v. Miller,* 774 F.2d 883, 883 (8th Cir. 1985) (holding the indictment was insufficient "in that it failed to cite the state statute alleged to have been violated, an essential element of the offense described in 18 U.S.C. section 1955").

For example, *United States v. Qazi* is directly on point. *See* 975 F.3d 989 (9th Cir. 2020). There, the defendant was charged with being a felon in possession of a firearm. Because he was indicted before the Supreme Court decided *Rehaif v. United States*, 588 U.S. 225 (2019), the indictment did not allege that Rehaif knew that he was a convicted felon. After the Supreme Court decided Rehaif, Qazi appealed.

The Ninth Circuit reversed the conviction. "Qazi's indictment neither track[ed] the language of 18 U.S.C. 922(g) nor set[ ] forth the elements of the offense,' because it did not allege that he had knowledge of his felon status. This is a fatal flaw requiring dismissal of the indictment." *Id*. at 994.

For these reasons, the fatally-flawed Count 11 must be dismissed.

        Respectfully,

        _____
        Marc Agnifilo
        Zach Intrater
        Teny Geragos

        *Attorneys for Oren Alexander*

        Howard Srebnick
        Jackie Perczek

*Attorneys for Alon Alexander*

Milton L. Williams
Alexander V. Kahn
Deanna Paul

*Attorneys for Tal Alexander*

cc:    All counsel (via ECF and email)