

| USDC SDNY |
|---|
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 1/27/2026 |

U.S. Department of Justice

United States Attorney
Southern District of New York

26 Federal Plaza, 37th Floor
New York, New York 10278

January 23, 2026

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



Re:  *United States v. Alon Alexander, Oren Alexander, and Tal Alexander*,
S3 24 Cr. 676 (VEC)

Dear Judge Caproni:

The Government respectfully writes in response to the Court's January 16, 2026 order directing the parties to file redacted versions of the Government's motion to admit testimony of Minor Victim-27 and Minor Victim-28 and the defendants' opposition to that motion on ECF by January 23, 2026. (Dkt. 336).  As described below, the Court should permit the parties to file the briefing in this issue with redactions, as doing so will protect the identity of minor victims. (*See* Dkt. 181.)  The Government has conferred with the defense who concurs with the proposed redactions.

The Government is seeking to redact all details relating to the expected testimony of Minor Victim-27 and Minor Victim-28 had the Court granted the Government's motion.  These redactions will protect Minor Victim-27 and Minor Victim-28 from identification by the public, including any subset of the public that may be familiar with the events in question.  *See* 18 U.S.C. § 3771(a)(8).

Because the Court has denied the Government's motion to admit this testimony, the substance of Minor Victim-27 and Minor Victim-28's allegations will not become public during the trial in this matter.  Accordingly, the Court should allow those details to remain redacted, as the details are sensitive and personal details of individuals who were minors at the time of the events.  The public's right of access to the statements of victims who may not ultimately testify at trial is lower than their right of access to the facts relating to victims who will testify.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").  On the other side of the ledger, the privacy interests of victims in not having their voluntary statements released publicly is also high. *Id.* ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up).

With the various interests at stake, the Government's proposed redactions to its motion and the defendants' opposition strikes the right balance.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew W. Jones
Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

---

Application GRANTED. The parties may file redacted versions of their briefing regarding the admission of testimony from Minor Victim 27 and Minor Victim 28. The documents submitted at Dkts. 357 and 358 are the operative public versions.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 356 and 357.

SO ORDERED.

[signature: Valerie Caproni]          1/27/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE