**TCA** Torgan Cooper + Aaron P.C.
*Achieving a better future for our clients*

17 State Street
39th Floor
New York, NY 10004

Office 212·232·2500
Fax 212·232·2509

TorganCooperAaron.com

ATTORNEYS AT LAW
EVAN TORGAN
EDWARD T. COOPER
MITCHELL K. AARON

JONATHAN TABAR
BRENDAN BROWN

MITCHELL R. DRACH
Of Counsel

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/2026

January 20, 2026



**VIA ECF – REDACTED**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:  *United States v. Alexander et al.*, Docket No. 24-CR-00676 (VEC)
Motion to Quash Rule 17(c) Subpoena on behalf of Minor Victim 3

Your Honor:

We represent Minor Victim 3, among other victims, in the above-captioned matter. By this letter motion, the undersigned respectfully moves to quash a subpoena issued pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17"), which was served on January 19, 2026, for a January 20, 2026, return date. The subpoena is attached hereto as Exhibit A. The timing of the subpoena alone renders it unreasonable and oppressive. Served on an impossibly truncated timeline, the subpoena affords the witness no meaningful opportunity to review the requests, consult with counsel, or seek appropriate judicial relief.[1] Compounding that defect, the subpoena is not a targeted request for identifiable admissible evidence tied to the charged conduct, but instead demands broad categories of emails, text messages, social-media communications, and electronically stored information in a manner that functions as an impermissible fishing expedition and an effort to obtain impeachment material on the eve of trial.

For the reasons set forth below, we respectfully request that the Court quash the Rule 17(c) subpoena in its entirety pursuant to Federal Rule of Criminal Procedure 17(c)(2), as the subpoena

---

[1] We note that before filing the instant motion to quash, we were able to meet and confer with defense counsel who represented that she would be willing to extend the compliance date. However, such proposal does not automatically cure the fact that the subject subpoena is procedurally defective. Moreover, it also remains that the subpoena fails to comply with the standards set out by *U.S. v. Nixon*, 418 U.S. 683 (1974) and accordingly the subpoena should be quashed in its entirety.

1

| TORGAN, COOPER + AARON, P.C. |

is unreasonable and oppressive, and fails to satisfy the requirements articulated in *United States v. Nixon*, 418 U.S. 683 (1974).

## ARGUMENT

Rule 17(c)(1) authorizes the service of subpoenas for "books, papers, documents, data, or other objects" to be produced in court "before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). As this Court has already made clear, however, Rule 17(c) "is not intended to be a tool for discovery," which is governed by Rule 16. Rather, it "should be used only as a mechanism for obtaining specific admissible evidence." *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *2 (S.D.N.Y. 2018) (quoting *United States v. Barnes*, No. 04-CR-186 (SCR), 2008 WL 935964, at *4 (S.D.N.Y. Apr. 2, 2008)).

Rule 17(c)(2) further authorizes the Court to quash a subpoena where "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Upon a motion to quash, the proponent of the subpoena "must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *See e.g., United States v. Nixon*, 418 U.S. 683 (1974); *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (quoting *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014)).

### A. The Subpoena Is Unreasonable and Oppressive Based on Its Timing.

The subpoena must be quashed because its timing renders compliance unreasonable and oppressive under Federal Rule of Criminal Procedure 17(c)(2). The subpoena was served on January 19, 2026, for a January 20, 2026, return date — one day later. This leaves the witness with no meaningful opportunity to evaluate the scope of the requests, consult with counsel, or seek judicial review prior to compliance.

The Second Circuit has made clear that district courts possess broad discretion to quash subpoenas where compliance would be unreasonable or oppressive. *United States v. Skelos*, 988 F.3d 645 (2d Cir. 2021). Although the Court has declined to adopt rigid or bright-line notice requirements, it has emphasized that reasonableness under Rule 17(c) must be assessed on a case-by-case basis, taking into account the burden on the recipient, the nature of the materials sought, and the timing of the subpoena in relation to trial proceedings. *Id.* That discretionary framework exists precisely to permit district courts to prevent abusive or unfair subpoena practices in circumstances such as those presented here.

Those concerns are heightened where, as here, the subpoena is directed to a crime victim. Rule 17(c)(3) affords enhanced procedural protections when subpoenas seek personal or confidential information from victims, requiring that victims receive notice and an opportunity to move to quash or modify the subpoena before service. The eleventh-hour service of the subpoena here—one day before its return date—deprived the witness of precisely the protection Rule 17(c)(3) was designed to secure.

2

| TORGAN, COOPER + AARON, P.C. |

The timing defect is not cured by the suggestion that production could occur later if the witness testifies. Rule 17(c) does not permit compelled production first with admissibility and judicial review deferred until later. To the contrary, the Rule's structure presupposes that the subpoena recipient will have a meaningful opportunity to challenge the subpoena before being forced to comply. Permitting last-minute service and postponing review would invert that framework and nullify the safeguards embedded in Rule 17(c)(2) and (3).

Courts in this Circuit have repeatedly expressed concern over last-minute subpoena practice, particularly where no justification is offered for the delay and the subpoena is served during trial or immediately beforehand. In *United States v. Ashburn*, the court found it "particularly troubling" that a subpoena was served only two days before the close of the Government's case, emphasizing that the defendant had failed not only to explain the materiality of the request, but also to explain why the subpoena could not have been served well in advance of trial. 2015 WL 1033063, at *2 (E.D.N.Y. Mar. 6, 2015). Here, as in *Ashburn*, defense counsel has offered no explanation as to why the subpoena could not have been issued earlier.

Under these circumstances, where the subpoena was served with a one day return date on the eve of trial, directed to a crime victim, and structured in a manner that foreclosed meaningful pre-compliance judicial review, the subpoena is unreasonable and oppressive within the meaning of Rule 17(c)(2) and must be quashed.

### B. The Subpoena Seeks Impermissible Impeachment Material

Each category of production demanded by the subpoena reflects an effort to obtain impeachment material rather than admissible evidence, rendering the subpoena improper under Rule 17(c). The subpoena seeks, among other things, communications allegedly referenced during prior law-enforcement interviews, including private messages and social-media content. These materials are not offered as substantive evidence bearing on the elements of the charged offenses, but rather, they are sought for the sole purpose of evaluating credibility, motive, or consistency with anticipated testimony.

As this Court has already explained, such use is impermissible. Courts have "consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." *United States v. Cherry*, 876 F. Supp. 547 (S.D.N.Y. 1995); *United States v. Weissman*, No. 01 CR 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002). Because impeachment material "is not itself evidentiary," it cannot justify compelled production prior to testimony. *Cherry*, 876 F. Supp. at 553.

The structure of the requests confirms this improper purpose. Historical private messages and social-media communications do not establish the occurrence or non-occurrence of the charged conduct. Instead, their relevance would depend entirely on whether they could later be juxtaposed against testimony to suggest inconsistency, bias, or motive, which is precisely the type of credibility inquiry Rule 17(c) does not authorize.

Request for Production No. 4 makes this particularly clear. That request seeks social-media posts concerning geopolitical events occurring more than a decade after the alleged conduct. Such expressive material cannot plausibly constitute substantive evidence relating to events alleged to

3

| TORGAN, COOPER + AARON, P.C. |

have occurred in 2009. At most, it could be used to probe the witness's beliefs or viewpoints, a purpose that lies squarely within impeachment and well outside the scope of Rule 17(c).

As this Court emphasized in its prior Order on this issue, Rule 17(c) may not be used to obtain materials "solely for purposes of impeachment," particularly where the witness has not yet testified. Because the subpoena's production requests seek nothing more than potential impeachment material, they are necessarily deficient under *Nixon* and must be quashed.

### C. The Subpoena Constitutes an Impermissible Fishing Expedition Under *Nixon*

Although the subpoena purports to identify particular platforms, time periods, and individuals, that surface-level detail does not satisfy *Nixon*'s specificity requirement. Rule 17(c) demands more than descriptive precision; it requires a showing that the subpoena seeks known, identifiable evidentiary material, not documents demanded in the hope that something useful may turn up.

As this Court has already explained, even subpoenas that contain temporal or subject-matter limitations may nevertheless constitute fishing expeditions where the proponent cannot articulate what the requested materials contain or how they would be admissible at trial. In such circumstances, the subpoena reflects "blind optimism" rather than the concrete evidentiary showing required under Rule 17(c).

Courts in this District have repeatedly rejected subpoenas framed in this manner. In *United States v. Mendinueta-Ibarro*, the court held that Rule 17(c) does not permit compelled production of broad categories of communications simply because they might contain relevant information. 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013). Likewise, in *United States v. Avenatti*, the court explained that Rule 17(c) may not be used to "cast a wide net" over communications in the hope that something probative emerges. 2020 WL 508682, at *5–6.

Request for Production No. 2 illustrates this defect. Although the request is temporally aligned with the charged conduct, the subpoena does not identify any particular message or communication known to exist. Instead, it seeks an undefined set of private messages "regarding plans" for Memorial Day Weekend 2009, without specifying their contents or explaining how such materials would be admissible at trial.

The same defect pervades the remaining requests. Request for Production No. 1 seeks an email allegedly sent months after the charged conduct without identifying its contents or explaining its evidentiary relevance. Request No. 3 seeks LinkedIn messages exchanged approximately fifteen years later without any articulated evidentiary theory. Request No. 4 seeks undefined social-media posts concerning geopolitical events, without identifying any specific statement known to exist. In each instance, the subpoena does not seek known evidentiary material but instead demands production in the speculative hope that something responsive might later prove useful.

4

| TORGAN, COOPER + AARON, P.C. |

As this Court has emphasized, defendants' "blind optimism" that requested materials may ultimately prove useful is insufficient to satisfy Rule 17(c). *United States v. Bergstein*, 2017 WL 6887596, at *5. Where, as here, the proponent "cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up," the subpoena must be quashed. *United States v. Sawinski*, 2000 WL 1702032, at *2.

Because the subpoena seeks materials whose existence, contents, and evidentiary value are unknown, it constitutes precisely the type of exploratory searching that *Nixon* forbids. Accordingly, notwithstanding its facial detail, the subpoena remains substantively indistinguishable from the fishing expeditions rejected by this Court and others in this District and must be quashed.

### D. The Subpoena is Untethered to the Charged Conduct

The subpoena's defects are further compounded by its failure to tether the requested materials to the charged conduct involving this witness, which is alleged to have occurred during Memorial Day Weekend 2009. Under *Nixon*, Rule 17(c) requires a concrete showing that the materials sought themselves constitute evidence relevant to the charged conduct, not merely that they might bear some speculative relationship to it.

Rather than seeking materials contemporaneous with or directly related to that period, the subpoena demands communications and expressive activity occurring months or years outside the charged timeframe, without any articulated evidentiary theory explaining how such materials would illuminate the events at issue.

Request for Production No. 1 seeks an email allegedly written on or around December 31, 2009, months after the Memorial Day Weekend 2009 events. The subpoena does not explain how a post-incident communication could constitute evidence of what occurred during the charged period. Absent such a showing, the request rests on speculation that later communications might retroactively illuminate earlier events, a theory Rule 17(c) does not permit.

Even further removed, Request for Production No. 3 seeks LinkedIn messages exchanged in or around October 2024, approximately fifteen years after the alleged conduct, concerning an individual unrelated to the charged events. The temporal distance alone underscores the absence of any meaningful connection to the Memorial Day Weekend 2009 allegations, and the subpoena offers no basis to conclude that professional communications occurring more than a decade later could bear on the facts underlying the charged conduct.

Request for Production No. 4 extends further still, seeking social-media posts concerning geopolitical events occurring in October 2023, including commentary regarding war, civilian casualties, and humanitarian conditions. Such expressive activity bears no apparent relationship to conduct alleged to have occurred in 2009. The subpoena offers no explanation—and none is apparent—as to how political or humanitarian commentary from 2023 could constitute evidence relevant to events alleged to have taken place fourteen years earlier.

| TORGAN, COOPER + AARON, P.C. |

As this Court has already held, the mere hope that materials may ultimately prove to be relevant and admissible at some point down the line is insufficient to sustain a party's burden under Rule 17(c). *United States v. Avenatti*, No. (S1) 19-CR-373 (PGG), 2020 WL 508682, at *6 (S.D.N.Y. Jan. 31, 2020). Rule 17(c) requires a concrete showing that the requested materials themselves are evidentiary and connected to the charged conduct, not speculation that unrelated communications or later expressive activity might be repurposed at trial.

Because Requests for Production Nos. 1, 3, and 4 are untethered in both time and subject matter from the Memorial Day Weekend 2009 allegations, they do not satisfy *Nixon*'s relevance requirement and must be quashed.

## CONCLUSION

For the foregoing reasons, the Rule 17(c) subpoena served on Minor Victim 3 is unreasonable and oppressive and fails to satisfy the requirements articulated in *United States v. Nixon*. The subpoena was served at the eleventh hour on the eve of trial, depriving the witness of a meaningful opportunity to seek judicial review: it seeks impermissible impeachment material; it constitutes an improper fishing expedition; and it is untethered to the charged conduct alleged to have occurred during Memorial Day Weekend 2009. Accordingly, we respectfully request that the Court quash the subpoena in its entirety pursuant to Federal Rule of Criminal Procedure 17(c)(2).

Respectfully submitted,

TORGAN COOPER & AARON, P.C.

By: _____
Evan Torgan
Jonathan Tabar

cc:   All counsel (via ECF)

Application GRANTED in part and DENIED in part. Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") authorizes service of subpoenas at trial ("trial subpoenas") to obtain impeachment material. *See United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018) (collecting cases). Trial subpoenas for impeachment material are only returnable "if and when[ ] the witness who has made the statement takes the stand and testifies. The defendant only then is entitled to inspect [these] statements[.]" *United States v. James*, No. 02-CV-0778 (SJ) (CLP), 2007 WL 914242, at *29 (E.D.N.Y. Mar. 21, 2007) (first and second alteration in original) (quoting *United States v. Palermo*, 21 F.R.D. 11, 13 (S.D.N.Y. 1957)).

Requests #1 and #2 of Defendants' Rule 17(c) subpoena to Minor Victim 3 identify a narrow set of discreet communications. Defendants have demonstrated that they have both sufficient reason to believe that (i) these communications exist and (ii) they are relevant to this case. These communications may be properly obtained by a Rule 17(c) trial subpoena. As such, Minor Victim 3's motion to quash Requests #1 and #2 is DENIED in part. The Court MODIFIES the return date for Requests #1 and #2 to the date on which Minor Victim 3 testifies.

For the reasons stated on the record on January 27, 2026, the materials requested in Request #4 are not relevant to this case; therefore, Minor Victim 3's motion to quash Request #4 is GRANTED.

Defendants have withdrawn Request #3. As such, Minor Victim 3's motion to quash Request #3 is DENIED as moot.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 345.

SO ORDERED.

*[signature]*                                              1/28/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE