

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 31, 2025

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Alon Alexander et al.*, S4 24 Cr. 676 (VEC)

Dear Judge Caproni:

    The Government respectfully writes in response to defendant Alon Alexander's supplemental letter in support of his motion for a withdrawal instruction. (*See* Dkt. No 226). As discussed below, nearly all the evidence proffered by defense counsel appears to be inadmissible hearsay and falls far short of establishing what defense counsel has represented that it would. Accordingly, the Court should defer ruling on whether a withdrawal instruction is appropriate until the close of the defense case to ensure that there is a sufficient basis in the record for such an instruction.

    It is well-settled that withdrawal from a conspiracy is an affirmative defense for which the defendant bears the burden of proof at trial. *United States v. Leslie*, 658. F3d 140 (2d Cir. 2011); *United States v. Pizzonia*, 577 F.3d 455, 466 (2d Cir.2009). A defendant arguing withdrawal must show he took "some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy." *United States v. Jones*, 27 F.3d 50, 51 (2d Cir. 1994) (approving of jury instruction to this effect). However, a defendant need only show that "there is any foundation in the evidence, no matter how weak or incredible that evidence may be." *United States v. Salameh*, 152 F.3d 88, 150 (2d Cir. 1998).

    At the outset, the Court should preclude nearly all of the evidence proffered in the defendant's supplemental letter as inadmissible hearsay. The defendant's proffer includes ten home videos or screen recordings depicting his engagement to Shani and their subsequent engagement party, and two of the defendant's Facebook posts about the engagement. The videos include: three videos of the defendant's statements about his fiancé at the party, one video of Oren Alexander welcoming Shani to the family, one video of Tal Alexander suggesting that he was not surprised that Alon proposed to Shani, one video of a rabbi who spoke at the engagement party, and five videos of assorted Instagram stories depicting the defendant's proposal and engagement party. As outlined in the Government's initial letter, the defendant may not introduce his own out of court statements at trial, and the defense has not provided an applicable exception to the hearsay rules. Accordingly, his Facebook posts and statements at the engagement party are inadmissible. Oren's, Tal's, and the rabbi's statements at the engagement party (or any third party's testimony

at trial regarding their observations of these out of court statements) are similarly inadmissible hearsay.

    Notably, this proffered evidence falls far short of defense counsel's representations in Court and in his papers regarding the nature and substance of Alon's supposed withdrawal from the conspiracy. *Compare* Nov. 24, 2025 Conf. Tr. at 86 (Alon told "the world I'm not engaging in any more sexual activity with anyone else on the planet Earth"); Dec. 11, 2025 Conf. Tr. at 7 ("Alon Alexander communicated to his brothers he is not going to be engaging in any other sexual activity, full stop. He was committing to one woman. He publicly announces it, not just to his brothers but to the world through Instagram."); Dkt. 226 at 1 (noting that in getting engaged, "Alon announced his intention to maintain a monogamous relationship with Shani"); Dkt. 226 at 5 (characterizing Alon's engagement as a "public disavowal of sexual liaisons with other women"), *with* Dkt. 226, Def. Videos 1-9 (Alon and others discussing his engagement without any mentions of monogamy or sexual liaisons with other women). Given the delta between the proffered evidence and the actual evidence, and the patently inadmissible nature of much of this proffered evidence, the Government submits that it would be premature to rule on the appropriateness of a withdrawal instruction until after the defense's case-in-chief. *See* Dec. 11, 2025 Conf. Tr. at 7 ("Defense Counsel: [Alon] told [his brothers] that. I'm no longer pursuing women with you. The Court: That's what he said, really? Again, what he said is important.").

    Accordingly, the Government respectfully requests that the Court reserve ruling on an instruction until after the defendant successfully establishes a basis in the record of his withdrawal during his case-in-chief.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By:   /s  
    Kaiya Arroyo
    Elizabeth A. Espinosa
    Andrew W. Jones
    Madison Reddick Smyser
    Assistant United States Attorneys
    (212) 637-2226/-2216/-2249/-2381