```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                                     :
UNITED STATES OF AMERICA                                             :
                                                                     :
         -against-                                          :    24-CR-676 (VEC)
                                                                     :
ALON ALEXANDER, OREN ALEXANDER, and                                  :    MEMORANDUM
TAL ALEXANDER,                                                       :    OPINION AND ORDER
                                                                     :
         Defendants.                                         :
                                                                     :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On January 30, 2026, Non-Party Witness 2 ("NPW-2") moved to quash a subpoena *ad testificandum*/*duces tecum*[1] that had been served on her by Defendants on or about January 6, 2026. *See* NPW-2 Mot., Dkt. 371; NPW-2 Reply, Dkt. 375. On February 1, 2026, Defendant opposed NPW-2's motion to quash. *See* Def. Opp., Dkt. 374. For the reasons discussed below, NPW-2's motion to quash is GRANTED in part and DENIED in part.

DISCUSSION

Defendants' subpoena *duces tecum* is quashed in full. The subpoena requests from NPW-2 "all photos and videos" from Memorial Day Weekend 2009, "all communications that mention or concern" a victim, and "all communications with" Defendants or that "mention or concern" Defendants for a three-month period in 2009. *See* Dkt. 371-2. As the Court has previously held, *see* Dkt. 328, this dragnet approach to obtain "all" photos, videos, and communications, without any showing that these materials are likely to be relevant and admissible (or even that they exist), constitutes an impermissible fishing expedition. *See, e.g.,*

---

[1]     The subpoena requests from NPW-2 both testimony and documents.

*United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*."). Defendants' document requests are, therefore, inappropriate.[2]

NPW-2 similarly argues that the request for her testimony should be quashed because "Rule 17(c)(2) [] does not permit [Defendants] to impose extraordinary burdens on [NPW-]2," such as requiring her to travel across the country to appear in a New York City courtroom. NPW-2 Reply ¶ 10. This argument confuses the law. Rule 17(c)(2) permits the Court to quash subpoenas *duces tecum*, not subpoenas *ad testificandum*. *See* 2 Peter J. Henning & Cortney E. Lollar, *Wright & Miller's Federal Practice and Procedure* § 274 ("Rule 17(c)(2) provides for a motion to quash a subpoena *duces tecum*. There is no similar provision with regard to subpoenas to testify."). And "[a]lthough courts have granted" (and denied) motions to quash subpoenas *ad testificandum*,[3] "the better practice in ordinary cases is to require the witness to appear and claim any privilege or immunity [she] may have." *Wright & Miller* § 274.[4]

---

[2] The Court rejects Defendants' argument that that the subpoena is not subject to the *Nixon* standard because it is a "trial subpoena" as opposed to a "pre-trial subpoena." *See* Def. Opp. at 3–4. As the Court discussed in *United States v. Percoco*, "trial subpoenas for impeachment material are [not] subject to less demanding scrutiny or a lower standard than pre-trial subpoenas for other evidence. Although the *Nixon* case addressed a pre-trial subpoena, the same standard has been applied to trial subpoenas for documents." No. 16-CR-776 (VEC), 2018 WL 9539131, at *2 (S.D.N.Y. June 14, 2018) (collecting cases); *see also, e.g.*, *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019) (summary order) (observing, without deciding, that the Second Circuit and district courts have applied the *Nixon* standard when assessing third-party subpoenas, as opposed to the standard articulated in *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008)); *United States v. Cole*, No. 19-CR-869 (ER), 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021) ("Consistent with the overwhelming majority of courts in this District, along with the Second Circuit's statement in *Bergstein*, the Court applies the *Nixon* standard to review [] trial subpoena[s] served upon a third party.").

[3] *See, e.g.*, *Matter of Archuleta*, 432 F. Supp. 583 (S.D.N.Y. May 27, 1977) (denying motion to quash grand jury subpoena *ad testificandum*); *United States v. Berberian*, 767 F.2d 1324 (9th Cir. 1985) (affirming decision of district court to quash subpoena *ad testificandum*); *United States v. Klubock*, 639 F. Supp. 117 (D. Mass. 1986) (noting that courts have, "when the interests of justice have so warranted, heard and granted (or denied) motions to quash subpoenas to compel testimony").

[4] Some courts assess motions to quash subpoenas to testify using familiar standards, such as the standard used to consider a motion to quash a subpoena for documents. *See, e.g.*, *United States v. Riego*, 627 F. Supp. 3d

The question, then, is whether the testimony that Defendants seek from NPW-2 is relevant and material to the case at bar. *See Stern v. U.S. Dist. Court for the Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000) ("[A] subpoena *ad testificandum* survives scrutiny if the party serving it can show that the testimony sought is both relevant and material."). The Court finds that Defendants have made a prima facie showing that NPW-2's testimony will be relevant, notwithstanding NPW-2's purported lack of knowledge or the travel burden that her appearance may impose. *See* Def. Opp. at 5–6.[5] As a threshold matter, the subpoena survives scrutiny under Rule 17(c).

NPW-2 also challenges the efficacy of the subpoena because Defendants failed to provide the required legal milage allowance provided for in Rule 17(d) upon service. *See* NPW-2 Mot. at 4. This, the witness claims, is "independently dispositive" and "the subpoena should be quashed on this ground alone." *Id.* at 5. Courts have quashed subpoenas for similar technical deficiencies. *See, e.g.*, *United States v. Harris*, 433 F. App'x 383, 386 (6th Cir. 2011) (failure to tender a witness-attendance fee and mileage allowance "is reason enough to quash [a] subpoena[.]"). The Court declines to do so here, however, given that the mileage allowance issue can be "easily and promptly [] remedied by the issuing party." *United States v. Lindh*, 210 F. Supp. 2d 780, 781 n.2 (E.D. Va. 2002). Defendants have confirmed that they will tender the

---

1254, 1258 (D.N.M. 2022) ("[T]here is no express procedure in Rule 17 to quash or modify a subpoena *ad testificandum*. . . . However, other courts have applied the Rule 17(c) standard, stating that '[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses[.]'" (alternation in original)); *Stern v. U.S. Dist. Court for the Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000) ("Although Rule 17(a), which governs such subpoenas, does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles.").

[5]     It is precisely because NPW-2 cannot recall the alleged events that Defendants believe her proposed testimony will be meaningful. While the chain of relevance starts with a predicate "fact" that, as described by Defendants, can be proved only if Minor Victim 3's mother testifies (specifically, that the mother learned of Minor Victim 3's alleged assault from NPW-2), *see* Def. Opp. at 6, it is conceivable that NPW-2's testimony that she does not recall knowing about a sexual assault of Minor Victim 3 may be used to "rebut the Government's theory of how the allegation [of sexual assault] came to light," *see id*. As such, and assuming that the proper foundation is laid, the expected testimony is both material and highly relevant to Defendants' case.

mileage allowance or coordinate and prepay for NPW-2's travel and lodging. Def. Opp. at 9. The Court will not quash the subpoenas to testify on this basis alone, subject to Defendants promptly tendering the appropriate travel allowances required by Rule 17(d).

Finally, NPW-2 argues that the subpoena should be quashed because, as served, it is returnable on the first day of trial (as opposed to the date on which NPW-2 will be called to testify). Again, the Court declines to quash the subpoena based on this technicality, as Defendants have clarified that the subpoena is returnable not "on a fixed date, but on the morning of her trial testimony," which was communicated to NPW-2 in advance of her motion to quash. Def. Opp. at 3; *see also* NPW-2 Mot. at 2 n.3.

## CONCLUSION

In sum, for the foregoing reasons, NPW-2's motion to quash is GRANTED in part and DENIED in part. Defendants' subpoena *duces tecum* is quashed in full. The motion to quash the subpoena *ad testificandum* is denied. NPW-2 must appear to testify in this case at the time and date specified by Defendants, subject to Defendants tendering the appropriate travel allowances as required by law.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 371.

SO ORDERED.

Date: February 4, 2026
New York, NY

VALERIE CAPRONI
United States District Judge

4