

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 6, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
               **S6 24 Cr. 676 (VEC)**

Dear Judge Caproni:

      The Government respectfully writes to propose a limiting instruction for GX A-419 and C-304-1 (related to allegation that Alon Alexander left "Rophies" at a table) and GX B-178-1, B-210-1, and B-210-2 (related to allegation that woman hooked up with Tal Alexander but could not remember what happened the prior night).  As discussed in the Government's February 5 letter and on the record that same day, the Government is offering these statements not for their truth, but as evidence that the defendants updated one another on allegations related to drugging, which could threaten their sex trafficking conspiracy—a conspiracy they carried out by drugging and raping women.  *See, e.g.*, *United States v. Arline*, 660 F. App'x 35, 40 (2d Cir. 2016) (affirming admission of co-conspirator statement where "the statement furthered those conspiracies" because one co-conspirator was informing another of a fact that "could jeopardize the continuing viability of the conspiracies"); *United States v. Arrington*, 867 F.2d 122, 130 (2d Cir. 1989) (finding that "plot to silence witnesses furthers the goals" of narcotics conspiracy); *United States v. Abdullah*, No. 20 Cr. 677 (AT), 2024 WL 4652476, at *4 (S.D.N.Y. Nov. 1, 2024) ("These statements 'facilitate[ ] the carrying out of criminal activity,' and provide 'information or reassurance' to a co-conspirator[.]  Many of the other co-conspirators' statements also serve an informational purpose.") (internal citations omitted); *United States v. Johnson*, 469 F. Supp. 3d 193, 215 (S.D.N.Y. 2019) (noting that co-conspirator statements are admissible if members of the conspiracy apprise each other of "current developments or problems").

As a result, the Government requests that the Court give the following limiting instruction if these exhibits are received in evidence:

You should not consider these exhibits for the truth of the allegations contained within them; instead, you can consider them only to the extent you conclude they demonstrate communications between the defendants about the status of or potential threats to their alleged conspiracy.

                Respectfully submitted,

                JAY CLAYTON
                United States Attorney

By:    /s                       
     Kaiya Arroyo, Elizabeth A. Espinosa
     Andrew Jones, Madison Reddick Smyser
     Assistant United States Attorneys
     (212) 637-2226/-2216/-2249/-2381