# Inner City Press

February 13, 2026

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Exhibits in US v. Alexander, et al., 24-cr-676 (VEC)

Dear Judge Caproni:

   Inner City Press has been covering the above captioned criminal case since its indictment in 2024 and now the 12 days of trial so far in 2026. While understanding the issues surrounding witnesses with pseudonyms and now with (former) Juror 6, the Court should be aware that the US Attorney's Office has not provided to the press and public a single exhibit since February 5. This is unacceptable.

   Compare, for example, to SDNY Judge Rakoff's March 15, 2021 order in *US v. Akhavan*, 20-cr-188-JSR, Dkt 232, that "when an exhibit is received into evidence at trial in this action, the offering party must make the document accessible to the public and the press no longer than 11:59 pm the following day. The offering party may do this by any reasonable means, e.g., by posting the exhibits on a publicly accessible website for a reasonable duration." (This followed Inner City Press' docketed request of March 10, 2021).

   In this case, while some early exhibits were so posted, it stopped on February 6, more than a week ago, with some exhibits received on February 5.

   This is a request that the Court order the parties to make the exhibits they offer public, no longer than 11:59 pm the following day - in any event, less than the week and counting that it has been so far.

   We note that the Office is currently resisting providing exhibits in a now-completed trial by Judge Clarke (*US v. Conyers*, 23-cr-457 Dkt 195 and 196) - that is why we believe that an order by Your Honor, about making the exhibits available on a timely basis, is necessary as soon as possible to allow reporting during the trial, and not only after. The possibility of inaccessibility until after trial is the reason this request is being submitted at this time, in this way.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

As the Second Circuit ruled in *Lee v. Greenwood*, 23-7432 (Ramos), sealing must be justified by "specific, on-the-record findings that sealing is necessary to preserve higher values." See, https://storage.courtlistener.com/recap/gov.uscourts.ca2.f091de95-e6a3-4dbc-bde5-8db462fa0c1c/gov.uscourts.ca2.f091de95-e6a3-4dbc-bde5-8db462fa0c1c.85.1.pdf, cited by Judge Cronan in https://storage.courtlistener.com/recap/gov.uscourts.nysd.610688/gov.uscourts.nysd.610688.259.0.pdf

See also, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) - which states, "The common law right of public access to judicial documents is firmly rooted in our nation's history."

The issue of how to deal with this US Attorney's Office's delay or refusal to provide public access to the exhibits it offers into evidence should be addressed by this Court's Media Access Committee the next time it meets.   Please act on this challenge in this case, as SDNY Judges Hellerstein, Castel, Caproni, Subramanian, Furman and others have done. See, e.g., https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf  - and as your Honor has done, for example in *US v. Colon*, 18-cr-526, Dkt 414 (Nov. 27, 2023).

If deemed necessary, this now is a request to intervene, see *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

Please act on this request, as soon as possible.

Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

All counsel by ECF