

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 2, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,*
       **S6 24 Cr. 676 (VEC)**

Dear Judge Caproni:

   The Government respectfully writes in response to defense counsel's request for a charge regarding venue that is different from the charge proposed by the Court. For the following reasons, the Court should reject the defendants' proposed venue charge and make the limited changes to the Court's currently proposed charge as discussed herein.

   **1. Law**

   The Constitution and the Rules of Criminal Procedure require that defendants be tried in the district which the charged crime "shall have been committed." U.S. Const. art. III, § 2, cl. 3; accord id. amend. VI; Fed. R. Crim. P. 18. This requirement was adopted to protect defendants from "the unfairness and hardship" of prosecution "in a remote place." *United States v. Cores*, 356 U.S. 405, 407 (1958).

   Where a defendant is charged with multiple crimes, the Government must prove venue with respect to each charge. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989). Deciding whether the Government has established venue proceeds in two steps: First, the court must "identify the conduct constituting the offense," which requires a statutory analysis of the charged offense. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279-80 (1999); accord *United States v. Saavedra*, 223 F.3d 85, 90 (2d Cir. 2000). Then, the jury must "discern the location of the commission of the criminal acts." *Rodriguez-Moreno*, 526 U.S. at 279-80.

   "[T]he [C]onstitution does not command a single exclusive venue," *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1984), so "where a crime consists of distinct parts which have different localities[,] the whole may be tried where any part can be proved to have been done," *Rodriguez-Moreno*, 526 U.S. at 281. Accordingly, Congress has codified the rule that, when a crime is "committed in more than one district," venue lies "in any district" in which an offense "was begun, continued, or completed." 18 U.S.C. § 3237(a). *22

"[T]he venue requirement, despite its constitutional pedigree, is not an element of a crime," so "venue need be proved only by a preponderance of the evidence." *United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007). As with any challenge to the sufficiency of evidence, this Court "must view the evidence [of venue], both direct and circumstantial, in the light most favorable to the government and must credit every inference that could have been drawn in its favor." *United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir. 1994).

Sex Trafficking and Sex Trafficking Conspiracy. Sex trafficking is a continuing offense. *United States v. Unpradit*, 35 F.4th 615, 628 (8th Cir. 2022) ("The nature of the crime is such that Congress must have intended it to be treated as continuing rather than as a series of individual violations for each moment in time that a victim is 'maintained.'"); *United States v. Walsh*, 827 F. App'x 30, 33 (2d Cir. 2020) (explaining in sex trafficking case that venue "is proper in any district in which an offense was begun, continued, or completed" and finding venue proper where defendant contacted victim for the first time using Facebook messenger when victim was located in SDNY). Accordingly, if the offense occurred in multiple districts, venue is proper in any of those districts. Courts in this District have repeatedly charged the juries that venue is proper wherever there is any act in furtherance of sex trafficking. *See, e.g.*, the Hon. Lewis J. Liman, *United States v. Ray*, 20 Cr. 110 (charging sex trafficking); the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN) (charging sex trafficking of a minor); the Hon. Jesse M. Furman, *United States v. Dupigny*, 18 Cr. 528 (JMF) (same).

Enticement. In *United States v. Purcell*, the Second Circuit held that there are two essential elements of Inducement to Travel to Engage in Unlawful Sexual activity in violation of Title 18, United States Code, Section 2422(a): (1) "the defendant's act of enticement" and (2) "the victim's interstate travel." *Purcell*, 967 F.3d at 186. Accordingly, to establish venue in the Southern District of New York, the Government agrees with the defense that it must show either that an act of the defendants' enticement of their victims occurred while the defendants or the victims were in the Southern District of New York or that the victims' interstate travel passed through the Southern District of New York. *See id.* at 187 (holding that venue was insufficient because there was no evidence that the victim "travelled either interstate or through the Southern District of New York that weekend").

Sexual Exploitation of a Minor. Sexual exploitation of a minor is also a continuing offense. *See United States v. Rowe*, 414 F.3d 271, 278 (2d Cir. 2005) (holding that § 2251(c), which is similar to § 2251(a), is a continuing offense); *United States v. Kapordelis*, 569 F.3d 1291, 1307 (11th Cir. 2009) (holding that § 2251(a) is a continuing offense); *see also United States v. Thompson*, 896 F.3d 155, 159 (2d Cir. 2018) (holding venue proper in EDNY, where persuasion, inducement, enticement, or coercion of the minor victim, leading her to engage in the sex acts depicted in explicit video, occurred, even though the video was produced in SDNY); *Kapordelis*, 569 F.3d at 1307-08 (holding that venue for a violation of 18 U.S.C. § 2251(a) is proper in the district into which the visual depictions were moved); *United States v. Engle*, 675 F.3d 405, 416-17 (4th Cir. 2012) (same).

## 2. **Jury Charge**

Based on the law as described above, the Government respectfully requests the following changes in red to the Court's proposed jury charge:

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue" — that is, that some act pertaining to the crime occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. The Southern District of New York also includes the waters within all parts of Staten Island and Long Island—including Brooklyn, Queens, Nassau County, and Suffolk County— and the waters within twelve miles of the coasts of Long Island or Staten Island, as well as the air above those waters.[1] Therefore, anything that happens in and over the waters of Long Island and Staten Island happens in the Southern District of New York.

If the crime charged was committed in more than one judicial district, venue is proper in any judicial district in which the crime was begun, continued, or completed. Thus, venue will lie in the Southern District of New York if you find that any part of the crime took place here.[2]

The burden of proof for venue, unlike the elements of the crime, is a preponderance of the evidence. [As I charged you previously], a preponderance of the evidence means that it is more likely than not that the fact is true.

For all of the charges except Counts Ten and Eleven the sex trafficking conspiracy, sex trafficking, and exploitation of a minor charges, the Government will have satisfied its burden of proof on venue if you find, by a preponderance of the evidence, that some act in furtherance of the crime you are considering occurred in the Southern District of New York, even if that act was not committed by the Defendant, and even if the act itself was not a criminal act.[3]

For the enticement counts, the Government will have satisfied its burden of proof on venue if you find, by a preponderance of the evidence, that some act involving the defendant's enticement or the victim's interstate travel occurred in the Southern District of New York.[4]

---

[1] The Government requests this addition because it is a correct statement of the law and provides necessary information to the jury. *See United States v. Ramierz-Amaya*, 812 F.2d 813 (2d Cir. 1987) (drug shipment to LGA created venue in SDNY because of flight path over the waters). The Court's second sentence that includes things that happen in and over the waters is not enough because the jury may understand "in and over the waters" to involve only maritime activity rather than a flight path.

[2] Adapted from the charge of the Hon. Richard M. Berman, *United States v. Rosado*, 21 Cr. 516 (RMB); *see also Walsh*, 827 F. App'x at 33 (quoting *United States v. Lange*, 834 F.3d 58, 69 (2d Cir. 2016)).

[3] Adapted from the charges of the Hon. Richard M. Berman, *United States v. Rosado*, 21 Cr. 516 (RMB) (charging exploitation of a minor); the Hon. Lewis J. Liman, *United States v. Ray*, 20 Cr. 110 (charging sex trafficking); the Hon. Alison J. Nathan, *United States v. Maxwell*, 20 Cr. 330 (AJN) (charging sex trafficking of a minor); the Hon. Jesse M. Furman, *United States v. Dupigny*, 18 Cr. 528 (JMF) (same).

[4] *See Purcell*, 967 F.3d at 186.

For ~~Counts Ten and Eleven~~ the sexual abuse counts, the Government will have satisfied its burden of proof on venue if it proved, by a preponderance of the evidence, that either Alon Alexander or Oren Alexander was arrested in the Southern District of New York in connection with that offense. I instruct you as a matter of law that the place of arrest for a particular offense is the place in which the person is presented with an arrest warrant for that offense by a law enforcement officer.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  ___/s_____
Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381