**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 31, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *United States v. Alon Alexander, Oren Alexander, and Tal Alexander,* 24 Cr. 676 (VEC)**

Dear Judge Caproni:

The defendants have asked the Court to compel the Government—more than a month before the scheduled sentencing hearing—to disclose the names of the women the defendants raped and sexually abused, who plan to, or who are considering, addressing the Court at sentencing. The defendants are not entitled to this information in advance of sentencing. Moreover, the history of this case, namely the harassment and intimidation of victims, weighs against granting the defendants' request. Instead, as described below, the Court should adopt a proposed schedule that balances the many considerations as sentencing approaches.

*The Court Should Not Require Early Disclosure as Proposed by the Defense*

The defendants have no right to early disclosure of the names of victims who may address the Court at sentencing. The defendants in their letter claim an "obvious Constitutional right to this information," and cite the Confrontation Clause in support of this argument. Inconvenient for the defendants' argument is that "[b]oth the Supreme Court and [the Second Circuit], however, have consistently held that the right of confrontation does not apply to the sentencing context." *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) (Sotomayor, J.); *see also, e.g.*, *United States v. Carmona,* 873 F.2d 569, 574 (2d Cir. 1989) ("[A]ll of the strict procedural safeguards and evidentiary limitations of a criminal trial are not required at sentencing. It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine.") (citations omitted).

A defendant has a general right to "notice of all relevant information that could be used in determining his sentence and [] an opportunity to make appropriate objections." *United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987). But this ensures only that a defendant has an opportunity to make arguments before sentence is imposed and is not sentenced based on information about which he was unaware. *See United States v. Berndt*, 127 F.3d 251, 260 (2d Cir. 1997). It does not require pre-hearing notice of a potential oral victim impact statement. In the

case of an oral impact statement made at sentencing, the defendant need only have "a fair opportunity to respond" to the oral statement; no pre-hearing notice of the speaker's identity or additional process is required. *United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020); *see also United States v. Garigen*, No. 21-112, 2022 WL 258568, at *1-2 (2d Cir. Jan. 28, 2022).

Beyond the faulty Confrontation Clause argument, the defendants further argue they require advanced notice in order to object to a victim's statement based on the definition of a "crime victim" in the Crime Victims' Rights Act ("CVRA"). *See* 18 U.S.C. § 3771. But the Government has already given the defendants the information they need to raise an objection that certain classes of the defendants' victims fall outside of the CVRA definition.[1] The defendants can, for example, object to the participation of victims that the Court ruled would be permitted to testify pursuant to Federal Rule of Evidence 413. They need not know the specific identities of those women more than a month before sentencing to make their argument.

However, the defendants' anticipated objections to oral impact statements by victims who fall outside of the strict definition in the CVRA are misplaced in any event. This Court has "largely unlimited" discretion at sentencing "as to the kind of information it may consider, or the source from which it may come." *United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008). This extends to receiving oral and written statements by victims of the defendants' conduct, even if the victim may not be entitled to address the Court under the CVRA. *See Smith*, 967 F.3d at 216; *see United States v. Garigen*, 2022 WL 258568, at *1-2. Exercising this discretion in cases of widespread sexual abuse, sentencing courts regularly permit defendants' victims of rape and abuse to participate in sentencing, even if not mandated by the CVRA. *See United States v. Hadden*, No. 20 Cr. 468 (RMB), Dkt. 290 (S.D.N.Y. May 11, 2023) (order permitting written and oral victim impact statements for victims outside of the CVRA); *United States v. Paduch*, No. 23 Cr. 181 (RA), Dkt. 188 at 11-16 (S.D.N.Y. Nov. 25, 2024) (sentencing transcript, permitting same); *see also United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 682 (S.D.N.Y. June 24, 2022) (order permitting written victim impact statements from victims outside of the CVRA). The Court should similarly permit all victims here who so desire to address the Court at sentencing.

Statements made at sentencing by victims (including non-CVRA victims) may be relied upon where they have "sufficient indicia of reliability." *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998); *see also United States v. Juwa*, 508 F.3d 694, 700-01 (2d Cir. 2007) ("[f]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere speculation") (internal quotation marks and citations omitted). The defendants have been found guilty of many counts of sex trafficking and related offenses, and the evidence introduced at trial showed the defendants' prolonged pattern of trafficking, drugging, and raping victims.

---

[1] The defendants neglect to mention in their motion that they have already been given (under the restrictions of the protective order) copies of written victim impact statements already received by the Government. Additional letters received before September 18, 2026 will be provided directly to the Court and defendants with the Government's sentencing submission. The Government will likewise provide the Court and the defendants copies of additional letters received after the Government's sentencing submission is filed. At present, the Government expects—though this could change—that all victims who wish to address the Court orally have or will also submit written letters, granting the defendants additional notice.

Many additional victims were the subject of pre-trial motions practice and would have been permitted to testify, if called as witnesses by the Government. Beyond even those victims, the Government provided Section 3500 material for dozens of non-testifying victims. The victims' accounts are mutually corroborating and are further corroborated by the additional evidence introduced at trial. There is vastly more than the minimally required indicia of reliability for the Court to consider all of the victims' impact statements here, and the Court should do so.

In addition, the history of this case has included multiple instances of the defendants working to harass or intimidate victims, which further counsels against granting the relief the defendants seek. For example, in May 2025, despite the protective order in this case, Oren Alexander's wife used an anonymous Instagram account to contact, harass, and threaten to "expose" multiple victims. And in the lead up to trial, a defense investigator's improper questioning of neighbors about another victim's children caused her to stop participating in the case. There is no reason to risk further interference as sentencing approaches.

*Proposed Schedule*

Instead of granting the defendants' request for early disclosure, the Court should set a schedule that balances the many considerations at stake. The schedule below will permit the defendants to make fulsome objections while minimizing the risks of harassment and intimidation that follow from early disclosure more than a month in advance of sentencing.

In their letter, the defendants take issue with the possible participation of victims who the Court permitted to testify pursuant to Rule of Evidence 413 but who were not called as witnesses at trial ("Category Three") and with the participation of victims who were not subjects of pre-trial motions ("Category Four"). Each will be addressed in turn.

For those victims in Category Three, the Court has already received and evaluated extensive briefing about the nature of the assaults the defendants committed and found that each victim had admissible testimony to provide about those assaults. These victims' continued willingness to directly address the Court about being assaulted, coupled with the corroborating evidence from trial, provides more than sufficient indicia of reliability for the Court to rely on their statements. And if the defendants wish to object on CVRA grounds, this objection does not change based on a particular victim's identity.

For those victims in Category Four, the Government recognizes they have not similarly been subjects of pre-trial motions. Accordingly, we propose the following schedule.

- September 18, 2026: Government notifies Court and defendants of the number of victims anticipated to speak at sentencing, including the identities of those victims in Category Four.
- September 22, 2026: Defendants make objections, if any.
- September 25, 2026: If necessary, Government responds to defendants' objections.

With this proposed schedule, the Government also asks that the Court rule on any of the defendants' objections by October 1, 2026, so that before the sentencing hearing, victims will know if they will be permitted to speak and can change travel plans if they wish. Finally, to ensure

a more efficient hearing, the Government proposes to identify to the Court, copying the defendants, the names of all victims wishing to address the Court at sentencing in a sealed letter filed on October 2, 2026.[2]

The Government respectfully requests that the Court adopt its proposed schedule. Under this schedule, the defendants will have ample information and opportunity to make their objections, the rights of the victims will likewise be protected, victims will be spared unnecessary harassment, and the sentencing hearing will proceed smoothly.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s

Kaiya Arroyo, Elizabeth A. Espinosa
Andrew Jones, Madison Reddick Smyser
Assistant United States Attorneys
(212) 637-2226/-2216/-2249/-2381

[2] If after October 2, 2026, the Government learns of additional victims who want to address the Court at sentencing, we will promptly notify the Court and copy the defendants.